**NAVARRO INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**M. L. BROCKETTE, Commissioner of Education, State of Texas, et al., Appellees.**

No. 12726.

Court of Civil Appeals of Texas, Austin.

May 10, 1978.

Karl H. Moeller, Hooper, Robinson & Moeller, Austin, for appellant.

John L. Hill, Atty. Gen., Robert Giddings, Asst. Atty. Gen., Austin, for Commissioner of Ed.

J. C. Hinsley, Michael G. Maloney, Austin, for intervenors-appellees Dyess, et al.

**700**

PHILLIPS, Chief Justice.

This is an appeal from the trial court's refusal to review the decision of an administrative agency for lack of jurisdiction pursuant to article 6252–13a, § 19, Administrative Procedure and Texas Register Act.

The judgment is affirmed.

The county school trustees of Guadalupe County, Texas, pursuant to § 19.261, Tex. Educ. Code Ann., held a hearing in connection with the detachment of certain property from the Navarro Independent School District and reannexation of such property to the Seguin Independent School District. After the hearing, the trustees denied the requested detachment and reannexation.

Intervenors, Robert C. Dyess, *et al.,* appealed this decision to M. L. Brockette, Commissioner of Education of Texas. Brockette held a hearing on the appeal by intervenors. After the hearing, Brockette entered an order allowing the detachment and reannexation.

Appellant Navarro Independent School District appealed Brockette's decision to the State Board of Education. On September 11, 1976, the Board voted to affirm Brockette's order. Thereafter, appellant filed a motion for rehearing. The Board, on October 9, 1976, overruled the motion and incorporated Brockette's order into its minutes. The Board did not notify appellant of its decision as provided for in § 16(b) of article 6252–13a.

Appellant then sought judicial review of the Board's decision. Appellant's original petition was filed January 21, 1977. The trial court, however, dismissed the action for lack of jurisdiction because the petition was filed more than thirty days after the overruling of the motion for rehearing.

On appeal, appellant asserts that the trial court erred in dismissing the cause for lack of jurisdiction, that the order of the State Board of Education is void and unenforceable, and that the cause must be remanded for further agency action.

The threshold issue for our determination is whether the trial court was correct in dismissing the case for lack of jurisdiction.

Appellant argues the trial court erred in dismissing the cause because it was not notified of the Board's decision as required by § 16(b) of the Administrative Procedure Act, and that failure to give notice tolls the statutory time for appeal. Appellant contends, in effect, that there is no time limitation for instituting judicial review of an agency decision when the agency fails to give notice to a party of the overruling of a motion for rehearing. We do not agree.

Article 6252–13a, § 19(b), Administrative Procedure and Texas Register Act, provides that judicial review of contested cases be instituted within thirty days after the decision of the administrative agency becomes final and appealable. A decision of an administrative agency is final and appealable on the date of rendition of the order overruling the motion for rehearing or on the date the motion is overruled by operation of law. Article 6252–13a, § 16(c). The motion is overruled by operation of law if agency action is not taken within forty-five days of the rendition of the final order or decision. Article 6252–13a, § 16(e).

The procedure for appeal prescribed by article 6252–13a, § 19(b) is mandatory and jurisdictional. It cannot be waived. See *Texas State Board of Pharmacy v. Kittman,* 550 S.W.2d 104 (Tex.Civ. App. Tyler 1977, no writ); *Superior Oil Company v. Railroad Commission of Texas,* 519 S.W.2d 479 (Tex.Civ.App. El Paso 1975, writ ref'd n.r.e.); *Stanfield v. Texas Department of Public Safety,* 422 S.W.2d 14 (Tex.Civ.App. Dallas 1967, writ ref'd n.r.e.).

Appellant asserts that because it was not notified of the decision of the Board of Education on appellant's motion for rehearing, suit was not instituted within thirty days of the overruling of the motion for hearing.

We do not agree with appellant that noncompliance by an agency with the notice requirement of § 16(b) of article 6252–13a should be held to excuse his failure to seek judicial review of a decision of an administrative agency within the time limit specified in § 19(b) of article 6252–13a. Since

nothing in § 16(b) purports to grant an extension of time to initiate judicial review of an agency decision when the agency fails to send notice, and since the provisions of § 19(b) are mandatory and jurisdictional, we hold that appellant failed to institute judicial review within the time prescribed by law.

Accordingly, the judgment is affirmed.