LEISURE SERVICES, INC., Appellant,

v.

TEXAS CATASTROPHE PROPERTY IN-
SURANCE ASSOCIATION and the
State Board of Insurance, Appellees.

No. 14514.

Court of Appeals of Texas,
Austin.

June 18, 1986.

Rehearing Denied July 9, 1986.

John "Lee" Arellano, Houston, Robert A.
Schwartz, A.R. "Babe" Schwartz & Associ-
ates, P.C., Houston, for appellant.

David C. Duggins, Ted Mishtal, Clark,
Thomas, Winters & Newton, Austin, for
Texas Catastrophe Property Ins. Ass'n.

Jim Mattox, Atty. Gen., Edna I. Ramon,
Asst. Atty. Gen., Austin, for State Bd. of
Ins.

Before SHANNON, C.J., and GAM-
MAGE and CARROLL, JJ.

SHANNON, Chief Justice.

Leisure Services, Inc., filed an adminis-
trative appeal in the district court of Travis
County complaining of an order of the
State Board of Insurance. The Board's
order denied Leisure's claim for lost rentals
allegedly due under a policy of insurance
issued by the Texas Catastrophe Property
Insurance Association (TCPIA). The Board

and TCPIA filed pleas to the jurisdiction based upon the fact that Leisure failed to file a timely motion for rehearing with the Board. After hearing, the district court sustained the pleas to the jurisdiction and rendered judgment dismissing the administrative appeal. This Court will affirm the judgment of the district court.

By five points of error, Leisure attacks the judgment dismissing the administrative appeal. The points assert generally that, under the circumstances, Leisure was not required to file a motion for rehearing.

The facts underlying the pleas to the jurisdiction are undisputed. The Board's final order was signed on May 29, 1984. Leisure filed its administrative appeal in district court on June 26, 1984. On August 24, 1984, more than two months after rendition of the final order, Leisure tendered its motion for rehearing to the Board.

■ Leisure suggests by point of error three that Tex. Ins. Code Ann. art. 21.49, § 9 (1981) governs administrative appeals from the Board's orders to the exclusion of the Administrative Procedure and Texas Register Act, Tex. Rev. Civ. Stat. Ann. art. 6252–13a (Supp.1986) (APA). In support of its thesis, Leisure points out that art. 21.49, § 9 does not require one to file a motion for rehearing with the Board as a prerequisite to taking an administrative appeal. The point is overruled.

The APA was enacted to provide a uniform practice and procedure for state agencies. *Texas State Bd. of Pharmacy v. Kittman,* 550 S.W.2d 104 (Tex.Civ.App. 1977, no writ). The APA governs administrative appeals from orders of the State Board of Insurance in contested cases. *Texas Catastrophe Property Insurance Association, et al. v. Council of Co-Owners of Saida II Towers Condominium,* 706 S.W.2d 644 (Tex.1986); *Hurlbut v. State Board of Insurance,* 555 S.W.2d 180 (Tex.

Civ.App.1977, no writ). The procedures afforded one aggrieved by a State Board of Insurance order in a TCPIA proceeding are "mandatory and exclusive and must be complied with in order to enforce the rights to statutory insurance benefits held by TCPIA policyholders." *Saida, supra,* at 647.

To perfect an administrative appeal in a contested case, it is settled that one must file a motion for rehearing within fifteen days after rendition of the agency's final order. *Vandergriff v. First Federal Savings & Loan Association,* 586 S.W.2d 841 (Tex.1979).[1] In order to appeal the Board's order, Leisure must have filed its motion for rehearing with the Board within fifteen days after rendition of the Board's final order. This Leisure failed to do.

■ In further support of the argument that its failure to timely file a motion for rehearing was immaterial, Leisure characterizes its claim against TCPIA as consisting of (1) a common law cause of action and (2) a deceptive trade practices claim. Leisure then argues that the district court's consideration of such causes of action is not controlled by the strictures of the APA.

Contrary to Leisure's argument, the right of a property owner in a catastrophe area to participate in the windstorm insurance plan and to obtain any benefit from the plan does not derive from the common law but instead derives solely from the provisions of the Texas Catastrophe Property Insurance Pool Act, Tex. Ins. Code Ann. art. 21.49, § 1 (1981). *Saida, supra.*

Leisure calls attention to the fact that in *Saida* the policyholder asserted a common law cause of action and not, as in this appeal, a deceptive trade practices claim. Leisure then states that the Supreme Court in *Saida* only addressed the policyholder's common law claim and suggests according-

---

1. The pertinent APA provisions are:
  Sec. 16(c) A decision is final, in the absence of a timely motion for rehearing ...
  \*      \*      \*      \*      \*      \*
  (e) Except as provided in Subsection (c) of this section [not applicable], a *motion for rehearing is a prerequisite to an appeal.* A motion for rehearing must be filed within 15 days after the date of rendition of a final decision or order.... (Emphasis added).

ly that *Saida* is not controlling in the disposition of its DTPA action.

It is true that no deceptive trade practices claim was involved in *Saida,* but it does not follow that *Saida* has no application in this appeal. The Supreme Court in *Saida* noted that the right of a property owner in a catastrophe area to participate in the windstorm insurance plan and to obtain benefits from the plan is derived *solely* from the provisions of the Texas Catastrophe Property Insurance Pool Act. The same reasoning is applicable to Leisure's deceptive trade practices claim—the right of Leisure to participate in the windstorm insurance plan and to obtain benefits from the plan is derived not from the Deceptive Trade Practices Act but instead from the Texas Catastrophe Property Insurance Pool Act. Accordingly, Leisure was required to follow the "mandatory and exclusive" procedures of the APA to obtain judicial review of the Board's order. *Saida, supra; Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084 (1926); *Merida v. Texas Municipal Retirement System,* 597 S.W.2d 55 (Tex.Civ.App.1980, no writ); *see also: Rowden v. Texas Catastrophe Ins. Ass'n,* 677 S.W.2d 83 (Tex.App.1984, writ ref'd n.r.e.); *Texas Catastrophe Property Ins. v. Miller,* 625 S.W.2d 343 (Tex.Civ.App.1981, writ dism'd w.o.j.) [deceptive trade practice claims were asserted in *Rowden* and *Miller*].

Finally, Leisure complains that the Board did not notify counsel of its rendition of the order so that he could timely file a motion for rehearing. The complaint is without merit for at least two reasons. First, counsel was notified of rendition of the order fourteen days after it was rendered. Had he chosen, counsel could have timely filed a motion for rehearing. Second, even an agency's complete failure to notify a party of rendition of a final order does not excuse the party's failure to timely file a motion for rehearing. *Navarro Independent School Dist. v. Brockette,* 566 S.W.2d 699 (Tex.Civ.App. 1978, no writ).

The judgment is affirmed.