COMMERCIAL LIFE INSURANCE
COMPANY, Appellant,

v.

TEXAS STATE BOARD OF
INSURANCE, et al.,
Appellees.

No. 3–88–034–CV.

Court of Appeals of Texas,
Austin.

Aug. 31, 1988.
Rehearing Denied Sept. 28, 1988.

Anthony Icenogle, Austin, for appellant.

Dudley D. McCalla, Austin, for appellees.

Before SHANNON, C.J., and
GAMMAGE and ABOUSSIE, JJ.

ABOUSSIE, Justice.

Commercial Life Insurance Company filed an administrative appeal in the district court of Travis County complaining of an order of the State Board of Insurance. Tex.Rev.Civ.Stat.Ann. art. 6252–13a (APTRA), § 19 (Supp.1988). The Board's order denied appellant's application to use the name "Commercial Life Insurance Company" in the State of Texas. Commercial Life and Accident Insurance Company, Commercial National Life Insurance Company and Bankers Commercial Life Insurance Company all intervened in the district court and filed a plea to the jurisdiction, asserting that the appeal must be dismissed because appellant failed to file a timely motion for rehearing with the Board. After a hearing, the district court sustained the plea to the jurisdiction and rendered judgment dismissing the administrative appeal. This Court will affirm the district court's judgment of dismissal.

The facts underlying the plea to the jurisdiction are undisputed. By order dated July 18, 1983, the Commissioner of Insurance granted appellant's application to use the requested name. Appellees appealed the order to the State Board of Insurance,

which held a hearing on the matter July 9, 1984. In a public meeting on November 7, 1984, the Board voted to reverse the Commissioner's order and to deny the application. The Board did not specially notify appellant of this meeting, although notice of the open meeting was published in the Texas Register. The Board's order evidencing its decision is dated January 29, 1985. No notice of the order was sent to appellant. On February 15, 1985, seventeen days after the Board rendered its decision, appellant filed its motion for rehearing.

By its sole point of error, appellant attacks the judgment dismissing its administrative appeal. Appellant complains that the trial court erred in its interpretation of APTRA § 16(b) & (e) and of certain State Board of Insurance Rules of Practice and Procedure, 28 Tex.Admin.Code §§ 1.7, 1.28, 1.49 (1986). Appellant suggests that the fifteen-day time limit for filing a motion for rehearing does not begin to run until the date that the agency notifies the party of its final action. Alternatively, appellant argues that the trial court's dismissal violates its due process rights under the United States Constitution Amendment XIV and the Texas Constitution Article I, Section 19.

■ To perfect an administrative appeal in a contested case, one must file a motion for rehearing within fifteen days after *rendition* of the agency's final order. *Vandergriff v. First Federal Savings & Loan Ass'n*, 586 S.W.2d 841 (Tex.1979); *Leisure Services v. Texas Catastrophe Prop. Ins. Ass'n*, 712 S.W.2d 266 (Tex.App.1986, writ ref'd n.r.e.). This prerequisite is jurisdictional and, in its absence, the administrative appeal must be dismissed. Appellant's motion for rehearing was not filed until seventeen days after the date of rendition. Article 6252–13a § 16 expressly provides:

(c) A decision is final, in the absence of a timely motion for rehearing....

\* \* \* \* \* \*

(e) Except as provided in Subsection (c) of this section, a motion for rehearing is a prerequisite to an appeal. A motion for rehearing must be filed within 15 days after the date of rendition of a final decision or order....

■ Despite the clear wording of § 16(e), appellant suggests that § 16(e) must be read in conjunction with subsection 16(b), which provides in part "[p]arties shall be notified either personally or by mail of any decision or order. On written request, a copy of the decision or order shall be delivered or mailed to any party and to his attorney of record." Appellant never requested a copy of the Board's order. Without citing any authority in support of its position, appellant interprets these two subsections to mean that the fifteen-day period for filing a motion for rehearing does not begin to run until the date the party is notified of the agency's action. Appellant also argues that its interpretation is consistent with the Board's Rule 1.28, which delays the running of a designated time period until the required notice is initiated.[1] The parties agree, however, that APTRA § 16 governs the requirements and time limitations for motions for rehearing. *See* 28 Tex.Admin. Code § 1.49 (1986) (time limitations for a motion for rehearing are governed by APTRA § 16); 28 Tex.Admin.Code § 1.7 (1986) (computation of time).

Section 16 expressly requires that, in order to appeal, appellant must have filed its motion for rehearing within fifteen days after *rendition* of the Board's final order. Notwithstanding appellant's arguments to the contrary, an agency's failure to give a party notice cannot excuse this mandatory requirement or toll the running of the time period. Even an agency's complete failure

---

1. Deposit in the United States mails of a registered or certified letter, return receipt requested, containing a notice of a hearing in compliance with the requirements specified by the rule or containing a copy of any decision or order addressed to the affected party or the attorney of record for the party, sent to the party's last known address, shall constitute notice of the hearing or of such decision or order. The date of deposit as hereinabove provided is the date of the act, after which any designated period of time begins to run as provided in Section 1.7. 28 Tex.Admin.Code § 1.28(c).

to notify a party of rendition of a final order cannot excuse the party's failure to file a timely motion for rehearing. *Leisure Services,* 712 S.W.2d at 268; *Navarro Independent School Dis. v. Brockette,* 566 S.W.2d 699 (Tex.Civ.App.1978, no writ).

Finally, appellant argues that the trial court's decision violates its due process rights under the Fourteenth Amendment of the United States Constitution and under the Texas Constitution Article I, Section 19 because the Board's action deprives appellant of a property right in a name without due process of law.

A two-step analysis is required to determine whether appellant has been deprived of property without due process of law. The court first determines whether any constitutionally cognizable property interest is implicated and then determines what process is due under the circumstances and whether the requisite degree of procedural protection has been afforded. *Sullivan v. University Interscholastic League,* 599 S.W.2d 860 (Tex.Civ.App.1980), *rev'd on other grounds,* 616 S.W.2d 170 (Tex.1981).

■ Appellant sought a corporate name change in Texas by filing a "Reservation of Name" form with the State Board of Insurance. The Reservation of Name form was filed on behalf of National Ben Franklin Life Insurance Corporation requesting use of the name "Commercial Life Insurance Company." Protests to the name application were filed and, after a hearing on the protests, the Commissioner of Insurance approved the application for use of the name. The protestants then appealed to the State Board of Insurance which, after hearing, overruled the Commissioner's order and denied appellant's request to use the name.

Appellant cites no authority, and we find none, for the proposition that the application for use of a name is a property right, a benefit or interest which entitles one to the constitutional protection of procedural due process. Instead, one must have a legitimate claim of entitlement, rather than an abstract need, desire or unilateral expectation. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

Here, appellants had only a mere expectation that their application ultimately might be approved. Absent final approval, appellant had no legitimate claim of entitlement.

The trial court's order is affirmed.

GAMMAGE, J., not participating.