Ezell GREEN, Appellant,

v.

**ALUMINUM COMPANY OF AMERICA, et al., Appellees.**

No. 3–88–036–CV.

Court of Appeals of Texas, Austin.

Nov. 23, 1988.

James M. Simons, Austin, for appellant.

Christopher A. Knepp, McGinnis, Lochridge & Kilgore, Austin, for Aluminum Co. of America.

Lynn Rubinett, Fickman & Van Os, P.C., Austin, for United Steelworkers of America, Local No. 4895.

Before POWERS, GAMMAGE and ABOUSSIE, JJ.

GAMMAGE, Justice.

Ezell Green appeals from an adverse summary judgment in his discriminatory practices suit against the Aluminum Company of America ("ALCOA") and the United Steelworkers of America ("Union"). We will affirm the trial court judgment.

On May 3, 1985, ALCOA suspended Green for three days without pay. He filed a grievance with the Union that same day, but on November 19, 1985, Green received notice from the Union that his griev-

ance had been dropped. He then filed charges against both ALCOA and the Union with the Equal Employment Opportunity Commission ("EEOC") and the Texas Commission on Human Rights ("Commission"), pursuant to Tex.Rev.Civ.Stat.Ann. art. 5221k (1987) ("the Act"). Green alleged that both organizations had retaliated against him for prior discrimination claims. Green pleaded that he filed the complaints on July 2, 1986, while ALCOA and the Union assert the date was February 7, 1986.

On June 29, 1987, Green received a "Notice of Right to Sue" letter from the Commission. Green filed suit in district court on July 1, 1987. Both ALCOA and the Union filed summary judgment motions against Green asserting that Green's claim was barred under the Act. Green filed no response. The court granted summary judgment for both ALCOA and the Union.

Green contends in his first point of error that the trial court erred in granting summary judgment because there was a genuine issue of material fact as to when Green filed his administrative complaints.

When reviewing a summary judgment we determine whether a disputed material fact issue exists, accepting as true the non-movant's version of the facts and summary judgment proof in the record, indulging every reasonable inference and resolving every doubt in favor of the non-movant. *Bayouth v. Lion Oil Co.*, 671 S.W.2d 867 (Tex.1984). The movant must show that there is no genuine issue of material fact on any essential element and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546 (Tex.1985); *see generally* Hittner, *Summary Judgments in Texas*, 22 Hous.L.Rev. 1109 (1985).

The summary judgment proof includes the complaints Green filed against ALCOA and the Union, both of which he signed and dated. In the lower right-hand corner of the complaints are signature blocks requiring the date to be in "day, month, and year" sequence. Green signed and dated these blocks "7–2–86." In the left-hand corners and on the second page of the complaints are signature blocks which do not indicate a specific date sequence. Green also signed and dated these blocks "7–2–86."

■ Green now asserts that his pleadings, as well as the four dates on the complaints written "7–2–86" (where the complaint forms do not indicate the "day-month-year" sequence), raise a genuine issue of material fact whether the complaints were filed on February 7 or July 2, 1986. We find this argument without merit. Green could not raise an issue of material fact through his pleadings because pleadings do not constitute summary judgment proof. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979).

The actual summary judgment proof consists of: 1) a written notice from the EEOC to ALCOA dated February 19, 1986, stating that a charge of discrimination had been filed against ALCOA; and 2) affidavits from two EEOC employees stating that Green filed charges of discrimination on or about February 18, 1986, and that the date the charges were filed with the Commission is the same date on which the charges were filed with the EEOC. The notice from the EEOC to ALCOA could not have been sent on February 19, 1986, if the complaints were not filed until July 2, 1986.

We find that the summary judgment proof conclusively establishes the filing date as February 7, 1986.

Green next asserts a question of fact exists as to when a complaint is considered "filed" for purposes of § 6.01(a) of the Act. We cannot consider this argument. When summary judgment proof establishes a movant's right to summary judgment as a matter of law, the non-movant must, in written answer or response to the motion, expressly present to the trial court any issue that would defeat that right or the issue is waived. *Clear Creek Basin*, 589 S.W.2d at 679. Green's first point of error is overruled.

Green contends in his second point of error that the trial court erred in granting summary judgment because the Act does

not require dismissal of a lawsuit for failure to meet the Act's time limits. This argument misstates the law.

■■■ This suit is based entirely on a statutory cause of action arising under the Act. The statutory provisions are, therefore, mandatory and exclusive and must be followed or the action is not maintainable because of a lack of jurisdiction. *Grounds v. Tolar Independent School Dist.*, 707 S.W.2d 889, 891 (Tex.1986); *Mingus v. Wadley*, 115 Tex. 551, 285 S.W. 1084, 1087 (1926). When determining whether a statutory time limit is mandatory or directory, a court must consider the statute in its entirety, its nature and object, and the consequences that would follow from each construction. *Chisholm v. Bewley Mills*, 155 Tex. 400, 287 S.W.2d 943, 945 (1956). The general rule is:

> When a statute directs the doing of a thing in a certain time without any negative words restraining the doing of it afterwards, the provision as to time is usually directory.

*Markowsky v. Newman*, 134 Tex. 440, 136 S.W.2d 808, 812 (1940).

Section 6.01(a) states "[a] complaint under this section *must* be filed within 180 days after the date the alleged unlawful employment practice occurred; untimely complaints *shall* be dismissed by the commission." (emphasis added). The Commission is restrained from considering a complaint filed after 180 days from the alleged unlawful act by the provision requiring the Commission to *dismiss* late-filed complaints. We find that this restraint, considered in light of the entire statute, makes the 180 day time limit a mandatory provision.

ALCOA's alleged unlawful act occurred on May 3, 1985. Green filed his complaint *280* days later, on February 7, 1986, and well beyond the 180–day time limit for filing a complaint against ALCOA.

Green did file his complaint within 180 days of the alleged illegal action by the Union (November 19, 1985). Section 7.01(a), however, provides:

> If the complaint filed with the commission pursuant to Section 6.01 of this Act is dismissed by the commission, or if within 180 days after the date of filing of the complaints the commission has not filed a civil action under this section or has not successfully negotiated a conciliation agreement between the complainant and respondent, the commission shall so notify the complainant in writing by certified mail. Within 60 days after the date of receipt of the notice, a civil action may be brought by the complainant against the respondent named in the charge.... *In no event* may any action be brought [in district court] pursuant to this article more than one year after the filing of the complaint to which the action relates. (emphasis added)

Section 7.01(a) establishes the time limit for filing a suit in district court and further restrains the filing time with the provision that "[i]n no event" may suit be filed more than one year after the complaint is filed. We conclude that this restraint, considered in light of the entire statute, makes the time provisions in this section mandatory.

Green filed the complaints with the Commission on February 7, 1986, but did not file suit in district court until July 1, 1987. Green failed to meet the one-year time limit for filing suit against the Union.

■■■ Green contends, however, that since § 7.01(a) requires the Commission to send notice to the complainant, the Commission's failure to send notice until June 29, 1987, excused the mandatory requirement or tolled the running of the time period. We disagree.

An agency's failure to give a party notice cannot excuse a mandatory requirement or toll the running of a time period. *Commercial Life Ins. v. State Bd. of Ins.*, 756 S.W.2d 859, 860 (Tex.App.1988, no writ); *see generally Navarro Independent School Dist. v. Brockette*, 566 S.W.2d 699 (Tex.Civ.App.1978, no writ). Nothing in the Act purports to grant an extension of time to file suit when the Commission fails to send notice. The words "[i]n no event" clearly reflect a contrary meaning.

Because the provisions of the Act are mandatory and jurisdictional, we conclude Green failed to file suit against ALCOA and the Union within the time prescribed by law. Green's second point of error is overruled.

By cross-point, ALCOA asserts Green's appeal is frivolous and requests damages under Tex.R.App.P.Ann. 84 (Pamp.1988). We decline to award damages.

The judgment is affirmed.