TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00428-CV






Texas Department of Criminal Justice, Appellant



v.



Larry Johnson, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 99-00445, HONORABLE JERRY DELLANA, JUDGE PRESIDING







 The Texas Department of Criminal Justice brings this interlocutory appeal of the
denial of its motion for partial summary judgment and plea to the jurisdiction. We affirm the district
court's order.

 Larry Johnson is one of four persons who together have sued the Department claiming
that they were denied promotions because they are not Caucasian. Johnson complains he was denied
promotions in 1997 on April 8, April 17, and October 30. The other plaintiffs complain of adverse
hiring decisions on dates ranging from April 22, 1997 through May 1, 1998. The plaintiffs contend
that these adverse decisions show a pattern and practice of discrimination against minorities in the
Department's hiring and promotion process in violation of the Labor Code. See Tex. Lab. Code
Ann. § 21.051 (West 1996). Johnson filed his complaint with the Texas Commission on Human
Rights and the Equal Employment Opportunity Commission on December 30, 1997.

 The Department filed a motion entitled "First Amended Motion for Partial Summary
Judgment on Plaintiff Johnson's Claims Under 21.202(a) of the Texas Commission on Human
Rights Act and Plea to the Jurisdiction." Noting that the Labor Code requires that TCHR/EEOC
complaints be filed within 180 days of the alleged unlawful employment practice, (1) the Department
contended that Johnson's December 30, 1997 complaint did not preserve his assertions regarding
the April 1997 non-promotions; it contended that the district court therefore lacked jurisdiction over
those complaints. (2) The filing time limits are mandatory and jurisdictional. See Schroeder v. Texas
Iron Works, Inc., 813 S.W.2d 483, 486 (Tex. 1991) (citing Green v. Aluminum Co. of Am., 760
S.W.2d 378, 380 (Tex. App.--Austin 1988, no writ)).

 Johnson replied that the April non-promotions were part of a continuing violation,
the discriminatory nature of which was not apparent until two other plaintiffs were not promoted in
July 1997. He supported this assertion with his affidavit testimony to this effect. He noted that he
also complains of an October 1997 non-promotion. He asserted that he filed the December 1997
complaint timely within 180 days of when he learned of the discriminatory nature of the April non-promotions and within 180 days of an adverse hiring decision. See Wal-Mart Stores, Inc. v. Davis,
979 S.W.2d 30, 41-42 (Tex. App.--Austin1998, pet. denied) (explaining that plaintiff can complain
of unlawful acts after more than 180 days if another, related unlawful act occurs within 180 days that
reveals unlawful nature of previous action). The Department did not submit evidence or any
response to Johnson's allegations and affidavit.

 The district court denied the Department's motion. Though the court entitled its order
using the words the Department used in its title of the motion, including "plea to the jurisdiction,"
the text of the order expressly denies only the summary judgment and does not expressly address the
plea to the jurisdiction.

 The Department filed its notice of interlocutory appeal of the order denying its motion
with regard to Johnson's claims. The notice states that the Department brings the appeal "pursuant
to 51.014(a)(8) Tex. Civ. Prac. and Rem. Code providing for an interlocutory appeal from an order
denying 'a Plea to the Jurisdiction by a governmental unit . . . .'" 

 On appeal, the Department contends that it also appeals pursuant to subsection (5)
of the interlocutory appeal statute which permits interlocutory appeals from denials of motions for
summary judgment based on assertions of sovereign immunity. See Tex. Civ. Prac. & Rem. Code
Ann. § 51.014(a) (West Supp. 2002). The Department contends that the district court erred by
denying its motion because (1) Johnson failed to meet the time limits for filing his claims regarding
the April 1997 non-promotions and thus failed to meet the statutory requirements to invoke the
waiver of immunity, and (2) the continuing violation theory did not apply to non-promotions because
each refusal to promote is a discrete act apparent at the time it occurs.

 The Department's claims regarding sovereign immunity fail because they are first
expressed on appeal. "Issues not expressly presented to the trial court by written motion, answer,
or other response shall not be considered on appeal as grounds for reversal." Tex. R. Civ. P. 166a(c);
City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 676-77 (Tex. 1979). Neither the
Department's motion nor the authorities cited therein contain the words "sovereign immunity." 
Johnson pointed out the absence of any claim of sovereign immunity in the Department's pleadings;
the Department has not responded with a citation to any part of the record in which its claim to
sovereign immunity was denied. The Department's notice of appeal, while expressing the intent to
appeal the denial of a plea to the jurisdiction, does not mention an appeal of a denial of a summary
judgment motion based on sovereign immunity. Because we find no express or implicit claim of
sovereign immunity in the record from the district court and are cited to none, we reject any claim
of entitlement to reversal based on sovereign immunity.

 The Department contends that the district court lacked jurisdiction because Johnson
did not file his TCHR/EEOC complaints within the 180-day time limit. A party complaining of
discrimination can complain of acts occurring more than 180 days before filing his complaint if he
can show a continuing violation and a discriminatory act against him (or a member of his class)
within the 180-day period. Wal-Mart, 979 S.W.2d at 41-42; see also Abrams v. Baylor College of
Med., 805 F.2d 528, 534-35 (5th Cir. 1986). (3) Courts ignore the filing deadline for violations older
than 180 days if the discriminatory character of the older violation is not apparent until related
violations occur within the time limit. Martin v. Kroger Co., 65 F. Supp. 2d 516, 531 (S.D. Tex.
1999), aff'd, 224 F.3d 765 (5th Cir. 2000). To determine whether a violation is part of a continuous
violation, courts consider three factors:


 The first is subject matter. Do the alleged facts involve the same type of
discrimination, tending to connect them in a continuing violation? The second is
frequency. Are the alleged acts recurring (e.g., a biweekly paycheck) or more in the
nature of an isolated work assignment or employment decision? The third factor,
perhaps of most importance, is degree of permanence. Does the act have the degree
of permanence which should trigger an employee's awareness and duty to assert his
or her rights, or which should indicate to the employee that the continued existence
of the adverse consequences of the act is to be expected without being dependent on
a continuing intent to discriminate?


Berry v. Board of Supervisors of L.S.U., 715 F.2d 971, 981 (5th Cir. 1983). These three factors are
not exhaustive of this fact-intensive inquiry. Id. 

 In Abrams, Jewish physicians complained that Baylor unlawfully excluded them
because of their religion from positions in a program in which Baylor sent personnel to a hospital
in Saudi Arabia. 805 F.2d at 530. The Court of Appeals for the Fifth Circuit held that, though the
doctors filed their complaints more than 180 days after they were not selected for the program, the
trial court could have concluded that neither doctor had "enough information by which a 'reasonably
prudent person similarly situated' could have realized that he was the victim of illegal
discrimination" within 180 days of their rejection from the program; the Fifth Circuit opined that "a
reasonably prudent employee will not necessarily conclude that his employer is an illegal
discriminator on the basis of one conversation and one at least arguably nondiscriminatory act." Id.
at 534. The doctors were allowed to sue because their rejection was linked to their final exclusion
from the program within 180 days of their complaint. Id. Thus, adverse hiring decisions can
constitute a limitations-tolling continuing violation.

 The Department cites more recent Fifth Circuit cases for the proposition that
promotion-related decisions are discrete acts that cannot form the basis of a continuing violation. 
See Huckabay v. Moore, 142 F.3d 233, 240 (5th Cir. 2000); see also Celestine v. Petroleos de
Venezuela SA, 266 F.3d 343, 352 (5th Cir. 2001). In Huckabay, the appellant was demoted and not
promoted in the midst of a series of continuing actions over eight years that he contended constituted
a hostile workplace. 142 F.3d at 237. Huckabay, a white male, alleged that his African-American
employer actively set out to create a "black workplace" on the premise that "blacks had suffered for
two hundred years, and now it was the whites' turn." Huckabay alleged that his boss demoted whites
to serve under less experienced blacks, assigned whites to less desirable work and excused blacks,
and tolerated and fostered an environment in which whites had to endure racial slurs. Id. The
district court granted summary judgment against all of Huckabay's claims; the Fifth Circuit reversed
the summary judgment regarding the hostile environment, but affirmed it regarding the demotion and
non-promotion. Id. at 239-40. The Fifth Circuit held that, although the hostile workplace violations
were continuous, the demotion and non-promotion were discrete acts that were not part of the hostile
workplace claim and that should have put Huckabay on notice that he was being discriminated
against; the court upheld the summary judgment that his complaints about the demotion and non-promotion were time-barred. Id. at 240. After Huckabay, the court again held that hiring and
promotion decisions were discrete acts, distinct from a continuously hostile work environment, that
put the plaintiffs on notice of discrimination and were not amenable to use of the continuing
violation construct. Celestine, 266 F.3d at 352. The court did not in Huckabay or Celestine
expressly overrule Abrams. 

 We conclude that the Fifth Circuit's holdings in these cases, that non-promotions
were not part of a continuous violation in a hostile workplace, are not blanket holdings that non-promotions can never be part of a continuing violation. See Celestine, 266 F.3d at 352; Huckabay
142 F.3d at 240. Plaintiffs may therefore attempt to prove a continuous violation in a non-promotion
case, particularly when resisting a summary judgment or a plea to the jurisdiction. Neither the
Celestine nor the Huckabay opinions reveals evidence like that in Johnson's affidavit showing that
the discriminatory intent of the non-promotions was not immediately apparent; rather, the Fifth
Circuit stated that the discriminatory impetus of the non-promotions in those cases was immediately
apparent. See Celestine, 266 F.3d at 352; Huckabay, 142 F.3d at 240. Johnson does not allege that
his non-promotions occurred in a hostile work environment, much less one as openly racist as that
Huckabay alleged. We find no reasoning in either case to permit victims of blatant, continuously
hostile working conditions to complain of events years after the hostility was apparent, but deny
persons the opportunity to complain of hiring and promotion decisions after a subtle pattern of racial
animus at first becomes apparent. To read Celestine and Huckabay to require that workers not
immersed in a racially hostile environment must file a complaint about hiring and promotion
decisions before racial animus is apparent would foster an undesirable atmosphere of racial discord
and suspicion, and would likely prompt the filing of many more complaints "just in case" a pattern
of racial discrimination became apparent later. See Abrams, 805 F.2d at 534. We emphasize that
our holding is based on a factual distinction from Celestine and Huckabay--the absence in this case
of the racially hostile workplace alleged in those cases--rather than a departure in legal reasoning.

 The short time-frame between the April 1997 non-promotions and Johnson's averred
July 1997 recognition of the discriminatory impetus distinguish this case from another that the
Department cites. See Lowery v. University of Houston, 82 F. Supp. 2d 689, 694 (S.D. Tex. 2000). 
In Lowery, the court granted summary judgment against a professor's claims of discriminatory non-promotion. The court noted that she did not allege a discriminatory event within 180 days of filing
her complaint. Id. The court also held that she could not complain of non-promotion when she
knew she was denied promotion nineteen years before, had not applied for a promotion since, and
had seen a variety of other persons promoted in the interim. Id. at 694-95. Here, the discriminatory
events the Department seeks to exclude occurred two months prior to the 180-day window and about
three months before Johnson alleges he became aware of the discrimination; Johnson also alleges
a discriminatory non-promotion within the 180-day period.

 We find no reversible error in the district court's rejection of the plea to the
jurisdiction. In reviewing a ruling on a plea to the jurisdiction, we look to the pleadings and may
examine evidence relevant to the plea if necessary. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547,
555 (Tex. 2000). Here, Johnson testified by affidavit that, though he was not promoted in April
1997, he did not become aware of the discriminatory nature of his non-promotion until July 1997. 
He also averred that he was again not promoted for racially discriminatory reasons in October
1997--less than 180 days before he filed his TCHR/EEOC complaint. No evidence contradicts his
assertions. Johnson meets the Berry factors: his allegations share the same subject matter; there were
three violations in six months against Johnson alone, and several more against his colleagues; and
the permanence of the violation was arguably not clear until the repetition of the violations indicated
a discriminatory policy rather than a merits-based decision. See 715 S.W.2d at 981. On this record,
Johnson has shown that his complaint was timely because the alleged discriminatory nature of his
April 1997 non-promotions did not become apparent until the discriminatory practices persisted until
less than 180 days before he filed his complaint. We note that our decision is based on this
preliminary record and does not speak to the merits of the lawsuit; full development of the evidence
at trial may reveal that the facts have a different character than this early record indicates.

 The uncontroverted evidence in this record also defeats the Department's sovereign
immunity argument if it is before us. The Department's sovereign immunity argument on appeal is
based on its contention that Johnson failed to invoke the immunity waiver by timely filing his
complaint. Johnson's affidavit shows that there is at least a genuine issue of material fact regarding
whether the limitations period extends back to include the April 1997 non-promotions. The court
therefore did not err by denying the motion for summary judgment. See Tex. R. Civ. P. 166a(c); see
also Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).

 Finding no basis to conclude that the district court erred in rejecting the Department's
plea to the jurisdiction and motion for summary judgment, we affirm the district court's order
denying the motion and plea.



 

 Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: December 13, 2001 

Do Not Publish

1. Tex. Lab. Code Ann. § 21.2002(a) (West 1996).
2. The motion does not address the October 1997 non-promotion which occurred within 180
days of the December 1997 complaint.
3. We can look to federal cases to help interpret state employment discrimination laws. Specialty
Retailers, Inc. v. DeMoranville, 933 S.W.2d 490, 492 (Tex. 1996).