# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00428-CV

### Texas Department of Criminal Justice, Appellant

### v.

### Larry Johnson, Appellee

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
### NO. 99-00445, HONORABLE JERRY DELLANA, JUDGE PRESIDING

The Texas Department of Criminal Justice brings this interlocutory appeal of the denial of its motion for partial summary judgment and plea to the jurisdiction. We affirm the district court's order.

Larry Johnson is one of four persons who together have sued the Department claiming that they were denied promotions because they are not Caucasian. Johnson complains he was denied promotions in 1997 on April 8, April 17, and October 30. The other plaintiffs complain of adverse hiring decisions on dates ranging from April 22, 1997 through May 1, 1998. The plaintiffs contend that these adverse decisions show a pattern and practice of discrimination against minorities in the Department's hiring and promotion process in violation of the Labor Code. *See* Tex. Labor Code § 21.051 (West 1996). Johnson filed his complaint with the Texas Commission on Human Rights and the Equal Employment Opportunity Commission on December 30, 1997.

The Department filed a motion entitled "First Amended Motion for Partial Summary Judgment on Plaintiff Johnson's Claims Under 21.202(a) of the Texas Commission on Human Rights Act and Plea to the Jurisdiction." Noting that the labor code requires that TCHR/EEOC complaints be filed within 180 days of the alleged unlawful employment practice,[1] the Department contended that Johnson's December 30, 1997 complaint did not preserve his assertions regarding the April 1997 non-promotions; it contended that the district court therefore lacked jurisdiction over those complaints.[2] The filing time limits are mandatory and jurisdictional. *See Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 486 (Tex. 1991) (citing *Green v. Aluminum Co. of Am.*, 760 S.W.2d 378, 380 (Tex. App.—Austin 1988, no writ)).

Johnson replied that the April non-promotions were part of a continuing violation, the discriminatory nature of which was not apparent until two other plaintiffs were not promoted in July 1997. He supported this assertion with his affidavit testimony to this effect. He noted that he also complains of an October 1997 non-promotion. He asserted that he filed the December 1997 complaint timely within 180 days of when he learned of the discriminatory nature of the April non-promotions and within 180 days of an adverse hiring decision. *See Wal-Mart Stores , Inc. v. Davis*, 979 S.W.2d 30, 41-42 (Tex. App.—Austin1998, pet. denied) (explaining that plaintiff can complain of unlawful acts after more than 180 days if another, related unlawful act occurs within 180 days that reveals unlawful nature of previous action). The Department did not submit evidence or any response to Johnson's allegations and affidavit.

---

[1] Tex. Labor Code Ann. § 21.2002(a) (West 1996).

[2] The motion does not address the October 1997 non-promotion which occurred within 180 days of the December 1997 complaint.

The district court denied the Department's motion. Though the court entitled its order using the words the Department used in its title of the motion, including "plea to the jurisdiction," the text of the order expressly denies only the summary judgment and does not expressly address the plea to the jurisdiction.

The Department filed its notice of interlocutory appeal of the order denying its motion with regard to Johnson's claims. The notice states that the Department brings the appeal "pursuant to 51.014(a)(8) Tex. Civ. Prac. and Rem. Code providing for an interlocutory appeal from an order denying 'a Plea to the Jurisdiction by a governmental unit . . . .'"

On appeal, the Department contends that it also appeals pursuant to subsection (5) of the interlocutory appeal statute which permits interlocutory appeals from denials of motions for summary judgment based on assertions of sovereign immunity. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (West Supp. 2001). The Department contends that the district court erred by denying its motion because (1) Johnson failed to meet the time limits for filing his claims regarding the April 1997 non-promotions and thus failed to meet the statutory requirements to invoke the waiver of immunity, and (2) the continuing violation theory did not apply to non-promotions because each refusal to promote is a discrete act apparent at the time it occurs.

The Department's claims regarding sovereign immunity fail because they are first expressed on appeal. "Issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal." Tex. R. Civ. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 676-77 (Tex. 1979). Neither the Department's motion nor the authorities cited therein contain the words "sovereign immunity." Johnson pointed out the absence of any claim of sovereign immunity in the Department's pleadings;

the Department has not responded with a citation to any part of the record in which its claim to sovereign immunity was denied. The Department's notice of appeal, while expressing the intent to appeal the denial of a plea to the jurisdiction, does not mention an appeal of a denial of a summary judgment motion based on sovereign immunity. Because we find no express or implicit claim of sovereign immunity in the record from the district court and are cited to none, we reject any claim of entitlement to reversal based on sovereign immunity.

The Department contends that the district court lacked jurisdiction because Johnson did not file his TCHR/EEOC complaints within the 180-day time limit. A party complaining of discrimination can complain of acts occurring more than 180 days before filing his complaint if he can show a continuing violation and a discriminatory act against him (or a member of his class) within the 180-day period. *Wal-Mart*, 979 S.W.2d at 41-42; *see also Abrams v. Baylor College of Medicine*, 805 F.2d 528, 534-35 (5th Cir. 1986).[3] Courts ignore the filing deadline for violations older than 180 days if the discriminatory character of the older violation is not apparent until related violations occur within the time limit. *Martin v. Kroger Co.*, 65 F.Supp.2d 516, 531 (S.D. Tex. 1999), *aff'd*, 224 F.3d 765 (5th Cir. 2000). To determine whether a violation is part of a continuous violation, courts consider three factors:

> The first is subject matter. Do the alleged facts involve the same type of discrimination, tending to connect them in a continuing violation? The second is frequency. Are the alleged acts recurring (e.g., a biweekly paycheck) or more in the nature of an isolated work assignment or employment decision? The third factor, perhaps of most importance, is degree of permanence. Does the act have the degree of permanence which should trigger an employee's awareness and duty to assert his or her rights, or which should indicate to the employee that the continued existence

---

[3] We can look to federal cases to help interpret state employment discrimination laws. *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996).

of the adverse consequences of the act is to be expected without being dependent on a continuing intent to discriminate?

*Berry v. Board of Supervisors of L.S.U.*, 715 F.2d 971, 981 (5th Cir. 1983). These three factors are not exhaustive of this fact-intensive inquiry. *Id.*

In *Abrams*, Jewish physicians complained that Baylor unlawfully excluded them because of their religion from positions in a program in which Baylor sent personnel to a hospital in Saudi Arabia. 805 F.2d at 530. The Court of Appeals for the Fifth Circuit held that, though the doctors filed their complaints more than 180 days after they were not selected for the program, the trial court could have concluded that neither doctor had "enough information by which a 'reasonably prudent person similarly situated' could have realized that he was the victim of illegal discrimination" within 180 days of their rejection from the program; the Fifth Circuit opined that "a reasonably prudent employee will not necessarily conclude that his employer is an illegal discriminator on the basis of one conversation and one at least arguably nondiscriminatory act." *Id*. at 534. The doctors were allowed to sue because their rejection was linked to their final exclusion from the program within 180 days of their complaint. *Id*. Thus, adverse hiring decisions can constitute a limitations-tolling continuing violation.

The Department cites a more recent Fifth Circuit case for the proposition that promotion-related decisions are discrete acts that cannot form the basis of a continuing violation. *See Huckabay v. Moore*, 142 F.3d 233, 240 (5th Cir. 2000). In that case, Huckabay was demoted and not promoted in the midst of a series of continuing actions over eight years that he contended constituted a hostile workplace. *Id*. at 237. Huckabay, a white male, alleged that his African-American employer actively set out to create a "black workplace" on the premise that "blacks had

5

suffered for two hundred years, and now it was the whites' turn." Huckabay alleged that his boss demoted whites to serve under less experienced blacks, assigned whites to less desirable work and excused blacks, and tolerated and fostered an environment in which whites had to endure racial slurs. *Id.* The district court granted summary judgment against all of Huckabay's claims; the Fifth Circuit reversed the summary judgment regarding the hostile environment, but affirmed it regarding the demotion and non-promotion. *Id.* at 239-40. The Fifth Circuit held that, although the hostile workplace violations were continuous, the demotion and non-promotion were discrete acts that were not part of the hostile workplace and that should have put Huckabay on notice that he was being discriminated against; the court upheld the summary judgment that his complaints about the demotion and non-promotion were time-barred. *Id.* at 240. The court in *Huckabay*, however, did not expressly overrule *Abrams*.

We conclude that the Fifth Circuit's holding that Huckabay's non-promotions were not part of the continuous violation of a hostile workplace is not a blanket holding that non-promotions can *never* be part of a continuing violation. *See id*. at 240. The absence of such a holding allows plaintiffs to attempt to prove a continuous violation in a non-promotion case, particularly when resisting a summary judgment or a plea to the jurisdiction. The *Huckabay* opinion reveals no evidence as in Johnson's affidavit showing that the discriminatory intent of the non-promotions was not immediately apparent; rather, the court stated that the discriminatory impetus of Huckabay's non-promotions was immediately apparent. *See id.* Johnson does not allege that his non-promotions occurred in a hostile work environment, much less one as openly racist as that Huckabay alleged.

6

The short time-frame between the April 1997 non-promotions and Johnson's averred July 1997 recognition of the discriminatory impetus distinguish this case from another that the Department cites. *See Lowery v. University of Houston*, 82 F.Supp.2d 689, 694 (S.D. Tex. 2000). In *Lowery*, the court granted summary judgment against a professor's claims of discriminatory non-promotion. The court noted that she did not allege a discriminatory event within 180 days of filing her complaint. *Id.* The court also held that she could not complain of non-promotion when she knew she was denied promotion nineteen years before, had not applied for a promotion since, and had seen a variety of other persons promoted in the interim. *Id.* at 694-95. Here, the discriminatory events the Department seeks to exclude occurred two months prior to the 180-day window and about three months before Johnson alleges he became aware of the discrimination; Johnson also alleges a discriminatory non-promotion within the 180-day period.

We find no reversible error in the district court's rejection of the plea to the jurisdiction. In reviewing a ruling on a plea to the jurisdiction, we look to the pleadings and may examine evidence relevant to the plea if necessary. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). Here, Johnson testified by affidavit that, though he was not promoted in April 1997, he did not become aware of the discriminatory nature of his non-promotion until July 1997. He also averred that he was again not promoted for racially discriminatory reasons in October 1997—less than 180 days before he filed his TCHR/EEOC complaint. No evidence contradicts his assertions. Johnson meets the *Berry* factors: his allegations share the same subject matter; there were three violations in six months against Johnson alone, and several more against his colleagues; and the permanence of the violation was arguably not clear until the repetition of the violations indicated a discriminatory policy rather than a merits-based decision. *See* 715 S.W.2d at 981. On this record,

7

Johnson has shown that his complaint was timely because the alleged discriminatory nature of his April 1997 non-promotions did not become apparent until the discriminatory practices persisted until less than 180 days before he filed his complaint. We note that our decision is based on this preliminary record and does not speak to the merits of the lawsuit; full development of the evidence at trial may reveal that the facts have a different character than this early record indicates.

The uncontroverted evidence in this record also defeats the Department's sovereign immunity argument if it is before us. The Department's sovereign immunity argument on appeal is based on its contention that Johnson failed to invoke the immunity waiver by timely filing his complaint. Johnson's affidavit shows that there is at least a genuine issue of material fact regarding whether the limitations period extends back to include the April 1997 non-promotions. The court therefore did not err by denying the motion for summary judgment. *See* Tex. R. Civ. P. 166a(c); *see also Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985).

Finding no basis to conclude that the district court erred in rejecting the Department's plea to the jurisdiction and motion for summary judgment, we affirm the district court's order denying the motion and plea.

_____

Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: December 13, 2001

Do Not Publish