NO. 07-08-0361-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 19, 2009

______________________________

POLICARPIO ALBERT MADRID III, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 47
TH
 DISTRICT COURT OF RANDALL COUNTY;

NO. 19656-A; HON. HAL MINER, PRESIDING

_______________________________

Memorandum Opinion

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Policarpio Albert Madrid III, was convicted of stealing property valued between $1,500 and $20,000.  He seeks reversal of that conviction by arguing that the evidence is legally and factually insufficient to sustain it and that the trial court abused its discretion in failing to grant his oral motion for continuance.  We affirm the judgment.  

Legal and Factual Sufficiency

In his first two issues, appellant complains of the sufficiency of the evidence.  The well-established standards by which we review such complaints are discussed in 
Jackson v. Virginia, 
443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), 
Watson v. State, 
204 S.W.3d 404 (Tex. Crim. App. 2006), and their progeny.  

Next, appellant complains that the State failed to prove that he “unlawfully appropriated or exercised control over” the trailer that was stolen from a local church and found in his backyard.  At best, this supposedly represented the mere possession of stolen goods as opposed to evidence of the theft itself.  And, he continues, the “[m]ere possession” of such property does not give rise to a presumption of guilt if reasonably explained.  The explanation that he happened to proffer involved his cousin purportedly asking that appellant watch the trailer for several days in exchange for $20.  
We overrule the issue.

The possession of stolen property may justify an inference of guilt if that possession is personal, recent, and unexplained and involves a conscious assertion of control over the property.  
Grant v. State, 
566 S.W.2d 954, 956 (Tex. Crim. App. 1978).  If the accused offers an explanation, the record must show that the account is false or unreasonable,  
Price v. State, 
902 S.W.2d 677, 680 (Tex. App.–Amarillo 1995, no pet.), and whether the explanation is false or unreasonable is a question of fact.  
Dixon v. State, 
43 S.W.3d 548, 552 (Tex. App.–Tyler 2001, no pet.); 
Price v. State, 
902 S.W.2d at 680.    

In determining whether such an assertion of a right to the trailer was made and whether appellant’s explanation for the presence of the trailer was false or unreasonable, the jury had before it the following evidence:  1) the trailer was taken from the church on or about the 3
rd
 
of January, 2008, 2) the trailer then was seen in front of appellant’s residence on January 3 or 4, 2008, 3) by January 5, it had been moved into the backyard behind a six-foot high wooden privacy fence, 4) there was no gate on the property through which the trailer could be moved into the backyard, 5) a portion of the fence had to be dismantled to effectuate the move, 6) appellant stated that he and his girlfriend moved it there, 7) four police officers had to dismantle a 16-foot section of the fence to remove the trailer from the backyard, 8) while the officers were investigating the scene, appellant arrived in a Delta 88 car along with two females, 9) the car had a towing hitch capable of pulling the trailer, 10) appellant was told by the officers to wait by the passenger seat of the car momentarily, 11) the location at which appellant waited had been previously searched by an officer, which search had uncovered nothing of note, 12) after appellant was told to move the car, however, one of the identifying plates previously installed on the trailer and torn pieces of appellant’s insurance card were discovered adjacent to where appellant had been waiting, 13) appellant admitted he “probably” tore up the insurance documents at some time, and 14) the actual license plate assigned to the trailer was found folded in half on top of appellant’s refrigerator inside his house.  These circumstances depict more than mere possession of the stolen item.  They also depict, on the part of appellant, acts to conceal the trailer’s location and identity.  They further depict appellant’s intent to dispose of items that would facilitate the trailer’s identification and his involvement with its taking.      They also render dubious appellant’s contention that he was simply watching the trailer for his cousin for several days.  Indeed, a rational jury could have reasonably deduced that one does not dismantle a fence to hide a trailer and remove identifying information from that trailer if the purported owner is going to pick it up in a day or two.

In short, the evidence viewed in the light most favorable to the jury’s verdict is sufficient to allow a rational jury to find, beyond reasonable doubt, that appellant exercised control over the trailer without the owner’s consent and thereby committed theft.  And, as appellant suggested, there may have been testimony that another had stolen the trailer, that another had removed the license plate and placed it in appellant’s house though no one else lived there, and that another may have removed the vehicle’s identification plate and left it next to where appellant happened to have stood and torn up his insurance card.  Yet, the jurors were free to assess the credibility of those who were testifying, resolve evidentiary disputes, and reject the potential for mere coincidence.  In other words, they were not required to buy his story.  And, we do not find their rejection of it and their ultimate verdict so contrary to the overwhelming weight of the evidence as to render the verdict clearly wrong.  Thus, the evidence was, and is, both legally and factually sufficient.

Motion for Continuance

Appellant also claims the trial court erred in denying his request, made on the day of trial, for a continuance so that he could obtain counsel of his own choice. We find only an oral motion for continuance in the record.  An oral or unsworn motion generally preserves nothing for review.  
Dewberry v. State, 
4 S.W.3d 735, 755 (Tex. Crim. App. 1999); 
Tex. Code Crim. Proc. Ann. 
art. 29.03 (Vernon 2006) (stating that a criminal action may be continued on the written motion of the defendant upon sufficient cause shown).  Thus, we overrule the issue.  

The judgment of the trial court is affirmed.

Brian Quinn 

          Chief Justice

Do not publish.the Federal Rules of Civil Procedure, which is not controlling here. 

Noble also contends that because his disability discrimination action under the Texas Commission on Human Rights Act was timely filed, his ADA claim is not barred, but relates back to the first filing under section 16.068 of the Texas Civil Practice and Remedies Code.  We disagree for two reasons.  In our prior opinion, we held that the trial court did not have jurisdiction of Noble’s discrimination claim because he had not exhausted his administrative remedies and affirmed the denial of any recovery by Noble. A claimant seeking to recover for age discrimination in employment must exhaust administrative remedies as a prerequisite to filing a civil action under a statute. Schroeder v. Texas Iron Works, Inc., 813 S.W.2d 483, 488 (Tex. 1991).  Noble’s claim is based entirely on a statutory cause of action; therefore, the provisions of the statute are mandatory and exclusive and must be followed or the action is not maintainable due to lack of jurisdiction.  Green v. Aluminum Company of America, 760 S.W.2d 378, 380 (Tex.App.--Austin 1988, no writ).  In addition, section 16.064 does not operate to “save” the application of the relation back doctrine because it is an exception to the general limitations provision and does not govern proceedings created by statute to enforce statutory rights. Gutierrez v. Lee, 812 S.W.2d 388, 392 (Tex.App.--Austin 1991, writ denied). 

Moreover, the December 23, 1998 judgment of this Court severed and remanded to the trial court Noble’s claim under section 451.001, but affirmed the judgment that Noble take nothing on his disability discrimination action.  Tex. R. App. P. 43.2 and 43.6.  Therefore, because we severed the discrimination claim from the section 451.001 claim that was remanded, the judgment affirming denial of the disability discrimination claim became final.  Accordingly, as of December 23, 1998, Noble did not have any “live pleadings” asserting a disability discrimination claim pending in the trial court in cause number 80,007-A for purposes of application of section 16.068.  Issues four and two are overruled.

By his first issue, Noble contends the trial court erred in severing the disability  discrimination claim from his section 451.001 claim.  We disagree.  Under Rule 41 of the Texas Rules of Civil Procedure a claim may be properly severed if it is part of a suit which involves more than one cause of action.  Here, the trial court having granted SPS’s motion for partial summary judgment on the discrimination claim, severance of the claims did not constitute an abuse of the broad discretion vested in the trial court.  Cherokee Water Co. v. Forderhause, 641 S.W.2d 522, 525 (Tex. 1982).  Issue one is overruled.

Because a summary judgment may be affirmed on appeal if any grounds presented are meritorious, and the judgment of the trial court did not specify or state the grounds relied on, our disposition of issues one, two, and four pretermits our consideration of issue three. 

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

    Justice

   

Quinn, J., concurring.