**COMMERCIAL LIFE INSURANCE COMPANY, Petitioner,**

v.

**TEXAS STATE BOARD OF INSURANCE et al., Respondents.**

No. C–8079.

Supreme Court of Texas.

June 21, 1989.

Rehearing Denied Sept. 13, 1989.

Hector DeLeon, James P. Wallace, Karen Key Johnson, Austin, for petitioner.

Carla M. Crisford, Dudley D. McCalla, Austin, for respondents.

GONZALEZ, Justice.

This case involves the timeliness of a motion for rehearing as a predicate for an administrative appeal from an order of the State Board of Insurance. Commercial Life Insurance Company (the company) is a Wisconsin-based insurance company that seeks to change its name of operation in the State of Texas. The Board rendered an order denying this request, but failed to give the company notice of the order. The company sought judicial review of the administrative order. Bankers Commercial Life Insurance Company, Commercial Life and Accident Insurance Company, and Commercial National Life Insurance Company (collectively referred to as Bankers Commercial) intervened and filed a plea to the jurisdiction based on the company's alleged failure to timely file a motion for rehearing with the Board. The trial court sustained the plea and dismissed the action and the court of appeals affirmed. 756 S.W.2d 859 (1988). We reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings.

The company was originally admitted to conduct business in Texas under the name of National Ben Franklin Insurance Company. In an effort to change its name to "Commercial Life Insurance Company," the company filed a reservation of name form with the Commissioner of Insurance.

After a hearing, the Commissioner approved the application for use of the proposed name. Bankers Commercial then appealed the Commissioner's decision to the State Board of Insurance, alleging that the proposed name was so similar to the names of other insurance companies doing business in Texas as to be likely to mislead the public. After a hearing, the Board voted to overrule the Commissioner's order and denied the company the right to use the proposed name. On January 29, 1985, the Board rendered an order denying the proposed name change. No notice of this order was given to the company. After learning of the order on February 15, 1985, seventeen days after its rendition, the company immediately filed a motion for rehearing. Due to the agency's inaction, the motion for rehearing was overruled by operation of law.

The company subsequently sought judicial review of the order in district court. In its intervention, Bankers Commercial asserted that the company failed to preserve its right to appeal because it did not file a motion for rehearing within the time period prescribed by section 16(e) of the Administrative Procedure and Texas Register Act (APTRA). Tex.Rev.Civ.Stat.Ann. art. 6252–13a § 16(e) (Vernon Supp.1989). The trial court sustained the plea to the jurisdiction and dismissed the appeal.

As a prerequisite to appealing an order or decision of an agency in a contested case, "[a] motion for rehearing must be filed within 15 days after the date of rendition of a final decision or order." *Id.* Failure to file a timely motion for rehearing generally deprives a district court of jurisdiction in a subsequent administrative appeal of the order or decision. *Vandergriff v. First Fed. Sav. & Loan Ass'n*, 586 S.W.2d 841, 842 (Tex.1979). However, the statutory scheme for filing a motion for rehearing also contemplates that parties be notified pursuant to section 16(b) of the APTRA. Section 16(b) provides that "[p]arties shall be notified either personally or by mail of any decision or order" entered by the agency. Tex.Rev.Civ.Stat. Ann. art. 6252–13a, § 16(b) (Vernon Supp. 1989).

The fifteen-day time period for filing a motion for rehearing requires parties to take prompt action in order to preserve their right to seek judicial review of the administrative action. Given the time constraints, the duty of the agency to provide notice serves the critical function of informing the aggrieved party of the date on which the time period for filing the motion for rehearing begins to run. For this reason, we interpret the notice provision of section 16(b) to ensure that a party's ability to seek judicial review of agency orders and decisions will not be compromised solely because of the agency's failure to give notice of the order. While Bankers Commercial reads section 16(b) as to merely require notice at some point in time following the rendition of the order, the underlying purpose of this mandatory notice provision gives rise to an implicit requirement for timely notice with respect to the statutory time frame in which to file a motion for rehearing. Untimely notice is of little benefit to a party who is precluded from appealing the order.

We construe section 16(b) to require an agency to promptly notify the parties of its orders or decisions. In the absence of such notice, the legislature could not have intended section 16(e) to preclude the parties' right to appeal. Thus, the time period for filing a motion for rehearing does not commence until the agency complies with its statutory duty to notify the parties of the order or decision. In announcing this rule, we are mindful of the legislature's recent amendment of section 16 of the APTRA.[1] For cases tried before an administrative agency prior to the effective date of the amendment, our holding controls. For cases tried after the effective date of the amendment, the amended statute controls.

Bankers Commercial relies on *Navarro Indep. School Dist. v. Brockette*, 566 S.W.2d 699 (Tex.App.—Austin 1978, no writ), and *Leisure Services, Inc. v. Texas Catastrophe Property Ins. Ass'n*, 712 S.W.2d 266 (Tex.App.—Austin 1986, writ ref'd n.r.e.) for the proposition that the agency's failure to notify the company of its order does not extend the time period for filing a motion for rehearing. We disapprove these two cases to the extent that they are inconsistent with this opinion.

Finally, Bankers Commercial contends that the company's failure to request a copy of the Board's order precludes any consideration of its motion for rehearing after the fifteen-day period has expired. In support of this theory, Bankers Commercial relies on the last sentence of section 16(b), which states that "[o]n written request, a copy of the decision or order shall be delivered or mailed to any party and to his attorney of record."[2] Tex.Rev. Civ.Stat.Ann. art. 6252–13a § 16(b) (Vernon Supp.1989). However, Bankers Commercial's contention is misplaced as the preceding sentence of section 16(b) requires agencies to provide notice of its decisions without regard to any request made by the parties.

The Board never notified the company of its order by mail or otherwise. The company filed its motion for rehearing within fifteen days of when it received actual notice of the order. Thus, the trial court erred in sustaining the plea to the jurisdiction and dismissing the appeal.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to the trial court to consider the administrative appeal on its merits.

MAUZY, J., notes his dissent.

---

1. Senate Bill No. 1197 was passed during the Regular Session of the 71st Legislature which amends section 16(b) of the APTRA to provide that a party notified by mail of a final decision or order shall be presumed to have been notified on the date such notice is mailed. The bill amends section 16(e) to provide that a motion for rehearing must be filed within 20 days after the date the party is notified either personally or by mail of the final decision or order. Tex. S.B. 1197, 71st Leg. (1989).

2. This sentence was deleted from the recently amended section 16(b). Tex. S.B. 1197, 71st Leg. (1989).