TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00714-CV






Kathryn Suchy and Jancy Jester, Appellants



v.



Texas Natural Resource Conservation Commission, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. 97-05062, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING 






 The trial court dismissed Kathryn Suchy and Jancy Jester's (collectively,
"Suchy's") suit for judicial review of an exemption from the permitting process granted by
appellee Texas Natural Resource Conservation Commission ("the TNRCC") based on the
TNRCC's pleas to the jurisdiction. We will affirm the trial-court judgment.


The Controversy



 O'Hair Shutters, Inc., a shutter manufacturing plant in Lubbock, Texas, produces
as a by-product of its manufacturing process a wood waste which it planned to dispose of by
burning on site. O'Hair applied to the TNRCC for a permit to operate a trench burner. Suchy
and others living adjacent to the site sought to have a contested case hearing on the permit. (1) 
O'Hair then requested approval of a "standard exemption" which would allow limited operation
of the incinerator without a permit. See Tex. Health & Safety Code Ann. § 382.057 (West Supp.
1999).

 Although Suchy had been in contact with the TNRCC concerning the permit
application, she was not informed that O'Hair had requested and received the exemption until
O'Hair amended its permit application. Suchy moved for a reconsideration; the TNRCC informed
her that there was no procedure available to reconsider its action granting the standard exemption. 
Suchy then filed for judicial review. Suchy filed her petition within thirty days of learning of the
TNRCC's action but seventy-four days after the approval was granted.

 The TNRCC filed three pleas to the jurisdiction asserting that the challenge to the
exemption approval had been filed after the deadline; that the challenge to the rule permitting
exemptions was late; and that the controversy was moot because the permit application had been
withdrawn. The trial court granted all of these pleas and dismissed the cause. Suchy appeals,
bringing three issues for review: (1) whether the "discovery rule," equitable estoppel grounded
in fraudulent concealment, or the "open courts" provision of the Texas Constitution may excuse
a plaintiff's failure to file her petition within the thirty-day period provided by the section of the
Water Code upon which she relied to seek judicial review; (2) whether a plaintiff may challenge
the constitutionality of a regulation more than two years after the effective date of the regulation;
and, (3) whether review of an agency action is mooted under the circumstances presented.

Timeliness of the Petition for Judicial Review


 Suchy argues that we should apply the "discovery rule," equitable estoppel
grounded in fraudulent concealment, or the "open courts" provision of the Texas Constitution to
consider timely her petition for judicial review which was filed within thirty days of her discovery
of the approval of the standard exemption. The TNRCC answers that the discovery rule does not
apply and that Suchy did not raise equitable estoppel grounded in fraudulent concealment or the
open courts provision in her pleadings. Even if Suchy preserved error on these grounds, the
TNRCC argues that her contentions are without merit.

 Suchy relies on the following Water Code provision to bring this appeal:



(a) A person affected by a ruling, order, decision, or other act of the commission
may file a petition to review, set aside, modify, or suspend the act of the
commission.


(b) A person affected by a ruling, order, or decision of the commission must file
his petition within 30 days after the effective date of the ruling, order or decision. 
A person affected by an act other than a ruling, order, or decision must file his
petition within 30 days after the date the commission performed the act.



Tex. Water Code Ann. § 5.351 (West 1988).


 In determining whether to grant a plea to the jurisdiction, the trial court is required
to look exclusively to the pleadings. Fireman's Ins. Co. v. Board of Regents, 909 S.W.2d 540,
541 (Tex. App.--Austin 1995, writ denied). Pleadings are petitions and answers. Elliott v.
Elliott, 797 S.W.2d 388, 391-92 (Tex. App.--Austin 1990, no writ). Suchy's pleading asserted
the following:

Plaintiffs bring this Petition pursuant to § 5.351(a), Tex. Water Code. Plaintiffs
assert the 30-day statute of limitations set out at § 5.351(b), Tex. Water Code, is
subject to equitable tolling, and, in any event runs from the date an affected person
discovers or reasonably should have discovered the TNRCC action for which
review is sought.



This pleading preserves for appellate review the claim that the discovery rule should apply to the
petition for judicial review. Although Suchy did not explicitly state fraudulent concealment as the
basis for equitable tolling, liberally construed this pleading is adequate to preserve a claim of
equitable relief from the filing deadline. However, even given a liberal construction, we do not
read anything in the pleading that raises an open courts issue, and we will not address that
argument. See Tex. R. App. P. 33.1(a)(1).


Discovery Rule


 A suit for judicial review from an agency action is not a matter of right; it can only
be conferred by statute. Therefore "the statutorily prescribed provisions are mandatory and
exclusive and must be complied with fully or the action is not maintainable for lack of
jurisdiction." See Texas Catastrophe Property Ins. Ass'n v. Council of Co-Owners of Saida II
Condominium Ass'n, 706 S.W.2d 644, 646 (Tex. 1986); Mingus v. Wadley, 285 S.W. 1084, 1087
(Tex. 1926). Here, the Water Code requires any person seeking judicial review to file a petition
within thirty days after the TNRCC approves the exemption.

 Suchy contends that the thirty-day time period for seeking judicial review should
have been tolled until she learned of the TNRCC's action granting the standard exemption. She 
relies on Commercial Life Insurance Company v. Texas State Board of Insurance, 774 S.W.2d
650, 652 (Tex. 1989), in which the supreme court determined that the fifteen-day period for filing
a motion for rehearing does not begin to run until a party receives notice of the complained of
agency order. To reach this conclusion, the court found that section 16(b) of the Administrative
Procedure and Texas Register Act (APTRA) (2) imposed a statutory duty on the agency to notify
"parties" of its orders and decisions: "[W]e interpret the notice provision of section 16(b) to
ensure that a party's ability to seek judicial review of agency orders and decisions will not be
compromised solely because of the agency's failure to give notice of the order." Id.; see also
Meador-Brady Management Corp. v. Texas Motor Vehicle Comm'n, 866 S.W.2d 593, 595-96
(Tex. 1993).

 In the present case, it is not a party's failure to timely file a motion for rehearing
which deprived the trial court of jurisdiction to hear this petition for judicial review. There are
no parties to the decision granting the exemption as there are in a contested case hearing under the
Administrative Procedure Act. Rather, Suchy is a person affected by the decision who seeks
judicial review under section 5.351 of the Water Code. There is no statutory duty imposed on the
TNRCC to give notice to all persons possibly affected by its decision on the exemption. (3) In
Commercial Life, the supreme court tolled the time period for filing a motion for rehearing until
the agency complied with its statutory duty to notify the parties of its decision. Under the
circumstances presented here, the TNRCC had no statutory duty to give notice to Suchy, who was
an affected person, not a party as contemplated by Commercial Life. The Water Code gives
affected persons thirty days to learn of an agency decision that adversely affects them. There is
no statutory failsafe provision for an affected person who first learns of an adverse decision
beyond this thirty-day window.

 Because we find no notice requirement comparable to that relied on in Commercial
Life, and in view of well-established principle that the statutory requirements authorizing judicial
review must be strictly complied with in order to confer subject-matter jurisdiction on the trial
court, we decline to extend Commercial Life to these circumstances.


Equitable Concepts


 Suchy urges us to apply several general doctrines that act to create exceptions to
applicable statutes of limitations. However, the embedded time limit contained in the Water Code
provision creating the statutory cause of action for judicial review is an element of the plaintiff's
case that the plaintiff must plead and prove or suffer dismissal for want of jurisdiction. See
Mingus, 285 S.W. at 1087-89. In contrast, a statute of limitations is a bar to a cause of action that
the defendant must plead and prove. We decline to import equitable concepts developed in
overcoming the affirmative defense of a statute of limitations into the context of time limit that is
an element of a plaintiff's cause of action. We overrule issue one.

Constitutional Challenge to Rules


 Suchy seeks to challenge the rule that authorizes the TNRCC to grant exemptions
from the permit process. See 30 Tex. Admin. Code § 106.496 (1998). She argues that she should
be able to bring a constitutional challenge to this rule more than two years after its effective date. 
The TNRCC argues that Suchy did not raise this complaint before the trial court. We agree.

 Suchy's pleading read:



The "trench burner" exemption (i.e., Standard Exemption 97, now recodified at
30 TAC § 106.496) is unsupported by evidence before the TNRCC or its
predecessor agencies and was not adopted with reasoned justification by TNRCC
or its predecessor and, therefore, is an invalid regulation. See National Assoc. of
Independent Insurers v. Texas Department of Health (sic), 925 S.W.2d 667 (Tex.
1996).



We cannot interpret this claim as raising a constitutional challenge. The rule that authorizes the 
TNRCC to grant exemptions was promulgated through the APA's rulemaking procedures. See
generally Tex. Gov't Code Ann. §§ 2001.021-.038 (West 1999). The lack of a "reasoned
justification" is exactly the type of challenge governed by the APA, which requires such a
challenge to be brought within two years. See Tex. Gov't Code Ann. § 2001.035 (West 1999). 
Suchy's pleading raises raising the type of claim that must be brought within that time limit.

 Furthermore, our disposition of point one means that Suchy could not have raised
a constitutional claim, even had one been properly plead. When Suchy failed to file for judicial
review from the TNRCC's decision to grant an exemption from the permit process within thirty
days, the controversy was at an end. Lopez v. Public Utility Comm'n, 816 S.W.2d 776, 782 (Tex.
App.--Austin 1991, writ denied) (when plaintiffs failed to comply with motion for rehearing
prerequisite for judicial review, controversy within that appeal was at an end, and the court could
not render a declaration concerning the validity of a rule because the underlying controversy had
become moot). We overrule issue two.


Mootness



 Suchy in her pleadings claimed that the exemption should not have been granted
while O'Hair's application for a permit was pending. (4) After this suit was filed, however, O'Hair
withdrew its application for a permit, mooting the administrative process. Appellees then filed
a third plea to the jurisdiction asserting this part of the controversy was moot. Suchy claimed that
her case falls within the "capable of repetition but avoiding review" exception to the mootness
doctrine and that the trial court would still be able to afford her meaningful relief from the agency
action. We have already decided that the trial court never acquired subject-matter jurisdiction of
the controversy. It therefore it could not have granted Suchy any relief from the agency decision
to approve the exemption. We overrule issue three.









Conclusion



 Having rejected Suchy's tolling argument and her request for equitable relief from the time
limits permitting a challenge to this agency action, we affirm the trial court's dismissal of this
petition for judicial review for lack of jurisdiction.



 

 Bea Ann Smith, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: December 29, 1998

Do Not Publish

1. The pleadings reveal a vigorous contest to the standing of Suchy and the others to bring a
contested case hearing. In any event, no hearing was ever held because the permit application 
was withdrawn after this suit was filed. This suit for judicial review does not arise from a
contested case proceeding.
2. Now the Administrative Procedure Act (APA), Tex. Gov't Code Ann. §§ 2001.001-2001.902 (West 1999).
3. 
 
 §
 " " 
 
 § 
4. We note that an "exemption" allows for exemption from notice and hearing requirements. 
It does not, however, create an exemption from operating rules. See, e.g., Tex. Water Code Ann.
§ 7.177 (West Supp. 1999) (criminal penalties for violating clean air act), § 7.179 (penalties for
false representations under clean air act).


o bring a constitutional challenge to this rule more than two years after its effective date. 
The TNRCC argues that Suchy did not raise this complaint before the trial court. We agree.

 Suchy's pleading read:



The "trench burner" exemption (i.e., Standard Exemption 97, now recodified at
30 TAC § 106.496) is unsupported by evidence before the TNRCC or its
predecessor agencies and was not adopted with reasoned justification by TNRCC
or its predecessor and, therefore, is an invalid regulation. See National Assoc. of
Independent Insurers v. Texas Department of Health (sic), 925 S.W.2d 667 (Tex.
1996).



We cannot interpret this claim as raising a constitutional challenge. The rule that authorizes the 
TNRCC to grant exemptions was promulgated through the APA's rulemaking procedures. See
generally Tex. Gov't Code Ann. §§ 2001.021-.038 (West 1999). The lack of a "reasoned
justification" is exactly the type of challenge governed by the APA, which requires such a
challenge to be brought within two years. See Tex. Gov't Code Ann. § 2001.035 (West 1999). 
Suchy's pleading raises raising the type of claim that must be brought within that time limit.

 Furthermore, our disposition of point one means that Suchy could not have raised
a constitutional claim, even had one been properly plead. When Suchy failed to file for judicial
review from the TNRCC's decision to grant an exemption from the permit process within thirty
days, the controversy was at an end. Lopez v. Public Utility Comm'n, 816 S.W.2d 776, 782 (Tex.
App.--Austin 1991, writ denied) (when plaintiffs failed to comply with motion for rehearing
prerequisite for judicial review, controversy within that appeal was at an end, and the court could
not render a declaration concerning the validity of a rule because the underlying controversy had
become moot). We overrule issue two.


Mootness



 Suchy in her pleadings claimed that the exemption should not have been granted
while O'Hair's application for a permit was pending. (4) After this suit was filed, however, O'Hair
withdrew its application for a permit, mooting the administrative process. Appellees then filed
a third plea to the jurisdiction asserting this part of the controversy was moot. Suchy claimed that
her case falls within the "capable of repetition but avoiding review" exception to the mootness
doctrine and that the trial court would still be able to afford her meaningful relief from the agency
action. We have already decided that the trial court never acquired subject-matter jurisdiction of
the controversy. It therefore it could not have granted Suchy any relief from the agency decision
to approve the exemption. We overrule issue three.









Conclusion



 Having rejected