# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00433-CV

**Marvinell Brown, Appellant**

**v.**

**Texas Education Agency and the Houston Independent
School District, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. 98-09581, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING

Marvinell Brown[1] appeals from the trial court=s order dismissing her cause for want of jurisdiction based on the untimely filing of her petition for judicial review of a decision of the Commissioner of Education. *See* Tex. Gov=t Code Ann. ' 2001.176(a) (West 2000) (Administrative Procedure Act, hereafter, AAPA ' __@). We will affirm the trial court=s order of dismissal.

This cause arose out of the Houston Independent School District=s decision to place Brown on medical leave in 1989. She did not file a petition to review that decision with the Commissioner of Education until 1995. The Commissioner determined that the six-year lapse in time rendered the filing untimely and further found that the medical leave issue, having been litigated in two federal cases, was barred by res judicata and collateral estoppel. The Commissioner dismissed Brown=s complaint by order

___

[1] Brown appears pro se.

dated September 8, 1997; Brown received the order September 11, 1997. She filed a motion for rehearing September 25, 1997. The Commissioner took no action on the motion for rehearing. Therefore, the order became appealable October 27, 1997, forty-five days from Brown=s receipt of the decision. APA '' 2001.144(a)(2)(B), .146(c). Any petition for review was due in district court November 26, 1997, thirty days after the order became appealable. APA ' 2001.176(a). Brown did not file her petition until December 1, 1997.

The Commissioner and the school district filed a plea to the jurisdiction on several bases, including that of the untimely filing of the petition for review, which formed the specific basis for the trial court=s dismissal. We turn now to Brown=s challenge to the dismissal.[2]

---

[2] The above is an abbreviated recitation of the history of this cause. For example, this Court has previously dismissed Brown=s cause for want of prosecution and then reinstated it. In her brief on appeal, Brown labels seven Aissues presented@ which all attack the granting of the plea to the jurisdiction and are really reasons to support her attack. As one example, she claims the trial court erred in accepting the Commissioner=s characterization of the filing of her petition for review as late; however, the face of the record shows all necessary dates for the trial court to determine whether any filing was late. The record shows the date and Brown=s signature on the receipt for the certified mail transmitting the agency=s decision. There is no suggestion in the record of any notice problem that would trigger a different starting date for her time period to file a petition for judicial review. *See Commercial Life Ins. Co. v. Texas State Bd. of Ins.*, 774 S.W.2d 650, 652 (Tex. 1989) (time to file motion for rehearing at agency begins with notice to

Brown satisfied in part the jurisdictional requirements for judicial review by timely filing a motion for rehearing at the agency, thereby exhausting her administrative remedies. *See Hill v. Board of Trus. of the Employees Ret. Sys.*, 40 S.W.3d 676, 679 (Tex. App.CAustin 2001, no pet.). However, she failed to file timely her petition for review in the district court. APA ' 2001.176(a). By not timely filing her petition for review, Brown allowed the agency order to become final and unappealable.

After a trial court signs its judgment, there are time limits within which to perfect an appeal or file a motion for extension of time to perfect appeal with the appellate court. *See generally* Tex. R. App. P. 26. The failure timely to perfect an appeal or move for extension of time to perfect appeal deprives the appellate court of jurisdiction. *See, e.g.*, *Butts v. Capitol City Nursing Home*, 705 S.W.2d 696, 697 (Tex. 1986); *City of Lancaster v. Texas Natural Res. Conservation Comm=n*, 935 S.W.2d 226, 228 (Tex. App.CAustin 1996, writ denied). A[T]ime limits . . . accomplish an important purpose by fixing the date a judgment becomes final. Valuable property and personal rights are fixed as of that time.@ *B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860, 862 (Tex. 1982). Thus, although an appellate court has the power to suspend the rules of procedure for good cause, the court may notAalter the time for perfecting an appeal in a civil case.@ Tex. R. App. P. 2. Similarly, the rules of civil procedure do not operate to extend the time provided by statute within which an appeal may be taken to a court from an administrative proceeding. *See, e.g.*, *Rayburn v. State*, 356 S.W.2d 774, 774 (Tex. 1962) (condemnation proceeding); *Navarro Indep. Sch. Dist. v. Brockette*, 566 S.W.2d 699, 700 (Tex. App.CAustin 1978, no writ)

---

parties).

(education commission proceeding; citing, *inter alia*, a railroad commission proceeding, *Superior Oil Co. v. Railroad Comm=n*, 519 S.W.2d 479, 484 (Tex. App.CEl Paso 1975, writ ref=d n.r.e.)), *overruled on other grounds sub. nom. Commercial Life Ins. Co. v. Texas State Bd. of Ins.*, 774 S.W.2d 650, 652 (Tex. 1989).

No litigant is compelled to bring any tribunal=s decision to the next level tribunal for review. For any number of reasons, a litigant may opt to accept the decision of an administrative agency. By allowing the time to file a petition for review in the district court to lapse, Brown in essence signified an acceptance of the agency decision by allowing it to become final. The agency and school district were entitled to rely on that finality to determine their rights and obligations in the same way as if there were an unappealed trial court judgment. *See B.D. Click Co.*, 638 S.W.2d at 862. Such a principle is particularly important in a case such as this, in which Brown is attempting to resume litigating events that occurred over a decade ago, and which have been the subject of other litigation.

We hold that Brown=s failure to file timely her petition for judicial review allowed the agency decision to become final and deprived the trial court of jurisdiction. We overrule Brown=s issues and affirm the trial court=s order.

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

**4**

Affirmed

Filed:   June 27, 2002

Do Not Publish