TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00433-CV






Marvinell Brown, Appellant



v.



Texas Education Agency and the Houston Independent


School District, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. 98-09581, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING 






 Marvinell Brown (1) appeals from the trial court's order dismissing her cause for want
of jurisdiction based on the untimely filing of her petition for judicial review of a decision of the
Commissioner of Education. See Tex. Gov't Code Ann. § 2001.176(a) (West 2000) (Administrative
Procedure Act, hereafter, "APA § "). We will affirm the trial court's order of dismissal.

 This cause arose out of the Houston Independent School District's decision to place
Brown on medical leave in 1989. She did not file a petition to review that decision with the
Commissioner of Education until 1995. The Commissioner determined that the six-year lapse in
time rendered the filing untimely and further found that the medical leave issue, having been litigated
in two federal cases, was barred by res judicata and collateral estoppel. The Commissioner 
dismissed Brown's complaint by order dated September 8, 1997; Brown received the order
September 11, 1997. She filed a motion for rehearing September 25, 1997. The Commissioner took
no action on the motion for rehearing. Therefore, the order became appealable October 27, 1997,
forty-five days from Brown's receipt of the decision. APA §§ 2001.144(a)(2)(B), .146(c). Any
petition for review was due in district court November 26, 1997, thirty days after the order became
appealable. APA § 2001.176(a). Brown did not file her petition until December 1, 1997.

 The Commissioner and the school district filed a plea to the jurisdiction on several
bases, including that of the untimely filing of the petition for review, which formed the specific basis
for the trial court's dismissal. We turn now to Brown's challenge to the dismissal. (2)

 Brown satisfied in part the jurisdictional requirements for judicial review by timely
filing a motion for rehearing at the agency, thereby exhausting her administrative remedies. See Hill
v. Board of Trus. of the Employees Ret. Sys., 40 S.W.3d 676, 679 (Tex. App.--Austin 2001, no pet.). 
However, she failed to file timely her petition for review in the district court. APA § 2001.176(a). 
By not timely filing her petition for review, Brown allowed the agency order to become final and
unappealable.

 After a trial court signs its judgment, there are time limits within which to perfect an
appeal or file a motion for extension of time to perfect appeal with the appellate court. See generally
Tex. R. App. P. 26. The failure timely to perfect an appeal or move for extension of time to perfect
appeal deprives the appellate court of jurisdiction. See, e.g., Butts v. Capitol City Nursing Home,
705 S.W.2d 696, 697 (Tex. 1986); City of Lancaster v. Texas Natural Res. Conservation Comm'n,
935 S.W.2d 226, 228 (Tex. App.--Austin 1996, writ denied). "[T]ime limits . . . accomplish an
important purpose by fixing the date a judgment becomes final. Valuable property and personal
rights are fixed as of that time." B.D. Click Co. v. Safari Drilling Corp., 638 S.W.2d 860, 862 (Tex.
1982). Thus, although an appellate court has the power to suspend the rules of procedure for good
cause, the court may not "alter the time for perfecting an appeal in a civil case." Tex. R. App. P. 2. 
Similarly, the rules of civil procedure do not operate to extend the time provided by statute within
which an appeal may be taken to a court from an administrative proceeding. See, e.g., Rayburn v.
State, 356 S.W.2d 774, 774 (Tex. 1962) (condemnation proceeding); Navarro Indep. Sch. Dist. v.
Brockette, 566 S.W.2d 699, 700 (Tex. App.--Austin 1978, no writ) (education commission
proceeding; citing, inter alia, a railroad commission proceeding, Superior Oil Co. v. Railroad
Comm'n, 519 S.W.2d 479, 484 (Tex. App.--El Paso 1975, writ ref'd n.r.e.)), overruled on other
grounds sub. nom. Commercial Life Ins. Co. v. Texas State Bd. of Ins., 774 S.W.2d 650, 652 (Tex.
1989).

 No litigant is compelled to bring any tribunal's decision to the next level tribunal for
review. For any number of reasons, a litigant may opt to accept the decision of an administrative
agency. By allowing the time to file a petition for review in the district court to lapse, Brown in
essence signified an acceptance of the agency decision by allowing it to become final. The agency
and school district were entitled to rely on that finality to determine their rights and obligations in
the same way as if there were an unappealed trial court judgment. See B.D. Click Co., 638 S.W.2d
at 862. Such a principle is particularly important in a case such as this, in which Brown is attempting
to resume litigating events that occurred over a decade ago, and which have been the subject of other
litigation.

 We hold that Brown's failure to file timely her petition for judicial review allowed
the agency decision to become final and deprived the trial court of jurisdiction. We overrule
Brown's issues and affirm the trial court's order.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed: June 27, 2002

Do Not Publish
1. Brown appears pro se.
2. The above is an abbreviated recitation of the history of this cause. For example, this Court has
previously dismissed Brown's cause for want of prosecution and then reinstated it. In her brief on
appeal, Brown labels seven "issues presented" which all attack the granting of the plea to the
jurisdiction and are really reasons to support her attack. As one example, she claims the trial court
erred in accepting the Commissioner's characterization of the filing of her petition for review as late;
however, the face of the record shows all necessary dates for the trial court to determine whether any
filing was late. The record shows the date and Brown's signature on the receipt for the certified mail
transmitting the agency's decision. There is no suggestion in the record of any notice problem that
would trigger a different starting date for her time period to file a petition for judicial review. See
Commercial Life Ins. Co. v. Texas State Bd. of Ins., 774 S.W.2d 650, 652 (Tex. 1989) (time to file
motion for rehearing at agency begins with notice to parties).