# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00508-CV

**Star Houston, Inc., d/b/a Star Motor Cars, Appellant**

**v.**

**Brett Bray in his Official Capacity as Director of the Motor Vehicle Division of the Texas Department of Transportation; and Mercedes-Benz USA, LLC, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT NO. D-1-GN-08-003710, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## O P I N I O N

The motor vehicle division of the Texas Department of Transportation (the "Division") entered a final order in a contested case brought by appellant Star Houston, Inc., d/b/a Star Motor Cars ("Star") against appellee Mercedes-Benz USA, LLC ("MBUSA"). Star filed a motion for rehearing with the Division. The Division denied Star's motion for rehearing. Star filed a petition for judicial review in district court against MBUSA and appellee Brett Bray in his official capacity as director of the Division. However, Star's petition was not filed within 30 days of the date on which the Division's order denying Star's motion for rehearing was rendered. As a result, the district court dismissed Star's suit as untimely under the Administrative Procedure Act (the "APA"). Star argues that its petition was timely because it was filed within 30 days of the date on which Star received notice of the Division's order. Alternatively, Star argues that the district

court should have remanded the case to the Division to obtain new evidence regarding when the Division's order was, in fact, rendered. We affirm the judgment of the district court.

***Factual and Procedural Background***

Star is a licensed, enfranchised dealer of new and used Mercedes-Benz motor vehicles in Houston, Texas. Star filed with the Division a series of complaints against its franchisor MBUSA regarding various franchise provisions Star contended were unlawful. The Division issued a final order in the agency proceeding on July 10, 2008. Star timely filed a motion for rehearing with the Division. The Division rendered an order—signed by Bray as director of the Division—denying Star's motion for rehearing.

The order denying Star's motion for rehearing was dated Friday, September 12, 2008. The order was faxed and mailed to Star the following Monday, September 15, 2008, along with a cover letter dated September 15, 2008. The cover letter stated that judicial review could be sought by filing in the district court "within thirty (30) days from the date the motion for rehearing was denied."

Star filed a petition for judicial review of the Division's final decision in district court on October 14, 2008. Appellees filed a plea to the jurisdiction on the basis that Star failed to file its petition for judicial review within the statutory time frame and, therefore, the district court did not have jurisdiction over Star's lawsuit. On July 30, 2009, the district court granted appellees' plea and dismissed the suit for lack of subject-matter jurisdiction.

2

### *Deadline for Filing under APA Section 2001.176(a)*

The primary issue in this case is whether the APA's 30-day deadline for filing a petition for review, where the agency renders an order denying a motion for rehearing, begins to run on the date the order was rendered or on the date the party seeking judicial review received notice of the order.[1]  In this case, if the 30-day period commences on the date the party receives notice, Star's petition for judicial review was timely, but if the 30-day period commences on the date the order is rendered, Star's petition was not timely and Star's lawsuit was properly dismissed.  *See HCA Healthcare Corp. v. Texas Dep't of Ins.*, 303 S.W.3d 345, 352 (Tex. App.—Austin 2009, no pet.) (30-day deadline is jurisdictional).  We review issues of statutory construction de novo.  *See State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006).  We must adhere strictly to the rules as set out by the legislature.  *See Marble Falls Indep. Sch. Dist. v. Scott*, 275 S.W.3d 558, 566 n.4 (Tex. App.—Austin 2008, pet. denied).

The administrative hearing in this case was subject to chapter 2301 of the occupations code.  *See* Tex. Occ. Code Ann. § 2301.703(a) (West 2004).  The provisions of chapter 2301 make the APA applicable except in cases where the APA conflicts with chapter 2301.  *See id.* §§ 2301.702, .751(c) (West 2004).  Here, there is no dispute that the provisions of the APA relevant to the issue in this case do not conflict with chapter 2301.  *See, e.g.*, *id.* § 2301.713 (West 2004) ("A party

---

[1]  Star also argues that the rebuttable presumption applies that Star was notified "on the third day after the date on which the notice is mailed."  *See* Tex. Gov't Code Ann. § 2001.142(c) (West 2008).  We need not address this issue because, with or without such a presumption, it is undisputed that Star's petition for judicial review would be timely if the 30-day period commenced from the date Star received notice.

3

who seeks a rehearing of an order shall seek the rehearing in accordance with Chapter 2001, Government Code.").

Under the APA, a person who has exhausted the available administrative remedies and who is aggrieved by a final decision in a contested case is entitled to judicial review. *See* Tex. Gov't Code Ann. § 2001.171 (West 2008). APA section 2001.176 requires that the petition for judicial review be filed not later than the 30th day after the date on which the administrative decision is "final and appealable." *See id.* § 2001.176(a) (West 2008); *see also* Tex. Occ. Code Ann. § 2301.752(a) (West 2004) ("A petition for judicial review under this chapter must be filed not later than the 30th day after the date on which the action, ruling, order, or decision becomes final and appealable."). Star filed its motion for rehearing on time, and the Division rendered an order denying Star's motion for rehearing. Under APA section 2001.144(a)(2)(A), when the agency renders an order denying a timely-filed motion for rehearing, the date on which the contested case becomes "final" is not tied to the date of the initial order in response to which the motion for rehearing was filed, but is the date the order denying the motion for rehearing is rendered. *See* Tex. Gov't Code Ann. § 2001.144(a)(2)(A) (West 2008). An order is "rendered" on the date it is signed. *See Meador-Brady Mgmt. Corp. v. Texas Motor Vehicle Comm'n*, 866 S.W.2d 593, 595 (Tex. 1993); *Young Chevrolet, Inc. v. Texas Motor Vehicle Bd.*, 974 S.W.2d 906, 910 (Tex. App.—Austin 1998, pet. denied). When the order denying the motion for rehearing is rendered, the agency's decision is also "appealable." *See* Tex. Gov't Code Ann. § 2001.145(b) (West 2004). In sum, pursuant to the relevant statutes, the Division's decision in the administrative proceeding was final and appealable on September 12, 2008—the date the order denying the motion for rehearing was

4

rendered—and Star was required to file its petition for judicial review by October 13, 2008.[2] Star's

petition was filed on October 14, 2008, and was, therefore, untimely.

Star contends that the 30-day deadline of section 2001.176 is subject to and modified

by the notice provisions of APA section 2001.142. Section 2001.142(a) requires that parties in a

contested case be notified either personally or by first class mail of any decision or order. *See id.*

§ 2001.142(a) (West 2008). Section 2001.142(b) provides as follows:

> On issuance in a contested case of a decision that may become final under
> Section 2001.144 or an order ruling on a motion for rehearing, a state agency shall
> send a copy of the decision or order by first class mail to the attorneys of record and
> shall keep an appropriate record of the mailing.

*Id.* § 2001.142(b). Star contends that because notice is required for both a decision in a contested

case (triggering, initially, the deadline for filing a motion for rehearing) and an order ruling on a

motion for rehearing (triggering the deadline for filing a petition for judicial review), both notices

should have identical impacts on the applicable deadlines—specifically, postponing the applicable

deadlines until notice is received, actually or constructively.

Star's statutory interpretation of section 2001.142, however, is not supported by the

plain language of the applicable statutes. Section 2001.142 does not state that failure to comply

with its notice requirement has any impact on the applicable statutory deadlines. As to the deadline

for filing a motion for rehearing, APA section 2001.146 provides that the filing must be made not

---

[2] "If the last day of any period is a Saturday, Sunday, or legal holiday, the period is extended to include the next day that is not a Saturday, Sunday, or legal holiday." Tex. Gov't Code Ann. § 311.014(b) (West 2005); *see* 43 Tex. Admin. Code § 8.29 (2009) (Tex. Dep't of Transp., Computing Time). October 12, 2008, the 30th day from September 12, 2008, was a Sunday, and October 13 was not a legal holiday.

5

later than the 20th day after "the date on which the party or the party's attorney of record is notified as required by Section 2001.142." *Id.* § 2001.146(a) (West 2008). In contrast, section 2001.176 provides that the deadline for filing a petition for judicial review is the 30th day after "the date on which the decision that is the subject of complaint is final and appealable," and section 2001.144 clarifies that "final and appealable," under the facts of this case, occurred on the date on which the order denying the motion for rehearing was rendered. *See id.* §§ 2001.144(a)(2)(A), .176(a). The plain language of section 2001.142 does not establish or modify any filing deadlines. Rather, sections 2001.146 and 2001.176 establish the deadlines, and only section 2001.146 makes its deadline contingent on compliance with the notice requirement of section 2001.142. *See Meritor Auto., Inc. v. Ruan Leasing Co.*, 44 S.W.3d 86, 90 (Tex. 2001) ("Ordinarily when the Legislature has used a term in one section of a statute and excluded it in another, we will not imply the term where it has been excluded.").

Star relies on the Texas Supreme Court's opinion in *Commercial Life Insurance Co. v. Texas State Board of Insurance*, 774 S.W.2d 650 (Tex. 1989). That case involved an insurance company's petition for judicial review of a state board's administrative decision—under the statutory predecessor to the APA, the Administrative Procedure and Texas Register Act ("APTRA")—denying the company's application to change its name of operation in Texas. *See* 774 S.W.2d at 651. Similar to the current version of the APA, the APTRA required the board to notify the parties of its order in a contested case, and required the insurance company, as a prerequisite to judicial review, to file a motion for rehearing within 15 days after the date of the order's rendition. *See id.* The state board in *Commercial Life*, however, did not give the insurance company any notice of its order. As a result, the company did not learn of the agency order until

6

17 days after its rendition, at which time the company immediately filed a motion for rehearing. The district court dismissed the insurance company's suit for lack of jurisdiction. *See id.* However, the supreme court held that the motion for rehearing was timely. *See id.* at 652. The supreme court observed that the provision of notice served the "critical function" of informing the aggrieved party of the applicable time period for filing a motion for rehearing. The court further recognized that if the board's failure to give notice did not toll the applicable deadline, the aggrieved party's right to appeal could be precluded, and the court concluded that "the legislature could not have intended" such a result. *See id.* The supreme court held, therefore, that "the time period for filing a motion for rehearing does not commence until the agency complies with its statutory duty to notify the parties of the order or decision." *Id.*

Star argues that the same approach should be followed here. As with the statutory framework at issue in *Commercial Life*, if the Division fails to give notice under APA section 2001.142 and such failure does not toll APA section 2001.176's 30-day deadline, any right to appeal held by Star could be precluded. Thus, similar to the notice at issue in *Commercial Life*, the Division's notice of its denial of Star's motion for rehearing served the "critical function" of informing the aggrieved party of the applicable time period for filing a petition for judicial review. Therefore, Star contends, the time period for filing a petition for judicial review under section 2001.176 should not commence until the agency complies with its statutory duty to notify the parties of the order denying the motion for rehearing.

We do not believe the supreme court's reasoning in *Commercial Life* applies in this case. The court limited its holding in *Commercial Life* to "the time period for filing a motion for

7

rehearing." *See id.*[3] Moreover, in reaching its holding, the supreme court identified its responsibility to "construe" the applicable statutes, considered what the legislature must have intended, and was "mindful" of recent legislative amendments to the applicable statutes.[4] *See id.* In other words, the supreme court began, as we must, with the statutory language. *See Shumake*, 199 S.W.3d at 284. We cannot extend *Commercial Life*'s holding to the time period under the APA for filing a petition for judicial review when the applicable statutes, here, plainly provide to the contrary. APA section 2001.146 expressly applies to the time period for filing a motion for rehearing, and expressly provides that the time period does not commence until notice is received (this is consistent with the holding in *Commercial Life*). *See* Tex. Gov't Code Ann. § 2001.146(a). APA section 2001.176, on the other hand, expressly provides that the time period for filing a petition for judicial review commences when the order becomes "final and appealable." *See id.* § 2001.176(a). This date, in a case such as this where the agency renders an order denying the motion for rehearing, is statutorily defined as the date the order denying the motion for rehearing is rendered. *See id.* § 2001.144(a)(2)(A). There is nothing in this statutory scheme tying this date to notice of the order

---

[3] Likewise, the supreme court's application of *Commercial Life*'s reasoning in *Meador-Brady Management Corp. v. Texas Motor Vehicle Commission* to provisions of the Texas Motor Vehicle Commission Code was in the context of a 15-day period for filing a motion for rehearing. *See* 866 S.W.2d 593, 595-96 (Tex. 1993).

[4] Specifically, the supreme court in *Commercial Life*, in reaching its holding that the time period for filing a motion for rehearing commences when the agency provided notice of its order, stated that it was mindful of the fact that the legislature had recently amended the APTRA to provide that the time period for filing a motion for rehearing commences when the aggrieved party is notified of the agency's order. *See Commercial Life Ins. Co. v. Texas State Bd. of Ins.*, 774 S.W.2d 650, 652 & n.1 (Tex. 1989). The legislature has not amended the APA to provide that the time period for filing a petition for judicial review does not commence until the agency provides notice of its order denying the motion for rehearing.

on the motion for rehearing or even allowing a court to infer that notice is a prerequisite to the commencement of the 30-day period.

The supreme court did not hold in *Commercial Life* that, regardless of the applicable statutory language, any agency order or decision of which an agency is required to provide notice will become final only when the notice is given. Therefore, absent an amendment by the legislature, we cannot depart from the plain language of sections 2001.144(a)(2)(A) and 2001.176.[5] Under those statutes, the Division's September 12, 2008 rendition of its order—not Star's receipt of notice thereof—triggered the 30-day period for Star to file a petition for judicial review. Star's petition for judicial review was untimely.

### Remand under APA Section 2001.175(c)

Star also argues that it should have been given the opportunity to obtain new evidence relating to the issue of whether the Division's order denying Star's motion for rehearing was, in fact,

---

[5] In fact, this Court has previously held that after an agency denied a party's motion for rehearing, the agency's non-compliance with its notice requirement under the APTRA did not excuse the aggrieved party's failure to timely file a petition for judicial review. *See Navarro Indep. Sch. Dist. v. Brockette*, 566 S.W.2d 699, 700-01 (Tex. Civ. App.—Austin 1978, no writ). Star points out that the supreme court in *Commercial Life* "disapproved" *Navarro*. *See Commercial Life*, 774 S.W.2d at 652. However, such disapproval was only to the extent *Navarro* was "inconsistent with this opinion," and the supreme court limited its holding in *Commercial Life* to the time period for filing a motion for rehearing. *See id.*

Star contends that our holding makes the notice requirement of APA section 2001.142 as to orders denying motions for rehearing superfluous. However, our holding is not that notice is not required. Our holding is merely that, when such an order is rendered, the provision of notice does not affect APA section 2001.176's 30-day deadline. *See Edwards Aquifer Auth. v. Chemical Lime, Ltd.*, 291 S.W.3d 392, 404 (Tex. 2009) (observing that although a noncompliance penalty indicates statute is mandatory, "this does not suggest that when no penalty is prescribed, 'must' is non-mandatory").

signed—and, thus, rendered—on Friday, September 12.[6] Star's contention is that there is a possibility that the order was actually signed on a date after the date reflected on the order. If such were the case, Star argues that its petition may, in fact, be timely. In Star's response to appellees' plea to the jurisdiction, Star's prayer for relief requested that the plea be denied or, as an alternative, that the court remand to the Division to allow Bray's deposition to be taken on the question of when he actually signed the order denying the motion for rehearing and on unidentified "related issues."

Section 2001.175(c) of the APA provides that the trial court may order that additional evidence be taken before the agency if a party applies to the court to present additional evidence and the court "is satisfied that the additional evidence is material and that there were good reasons for the failure to present it in the proceeding before the state agency." *Id.* § 2001.175(c) (West 2008). We review the district court's decision to grant or deny such a remand request under an abuse of discretion standard. *Langford v. Employees Ret. Sys.*, 73 S.W.3d 560, 565 (Tex. App.—Austin 2002, pet. denied). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002).

In Star's filings with the district court, Star's only reference to a request for remand to the agency to develop new evidence was in its prayer for relief in its response to appellees' plea to the jurisdiction. At the hearing before the district court on appellees' plea to the jurisdiction, Star's counsel agreed at the outset that the only issues before the court were appellees' plea to the jurisdiction and Star's motion to consolidate (in the event the plea was not granted). It was not until

---

[6] The order contains the phrase "Date: September 12, 2008" in typewritten, bold font next to Bray's signature.

10

the court announced its determination that the plea to the jurisdiction would be granted that Star's counsel referred to the request for remand, stating "I had a motion coupled with my response." The district court responded that Star's request would be denied because the court had already ruled that it had no subject-matter jurisdiction. *See State v. Morales*, 869 S.W.2d 941, 949 (Tex. 1994) ("When a court lacks jurisdiction, its only legitimate choice is to dismiss."). If Star wanted an opportunity to go back to the agency to develop additional evidence, it was incumbent on Star to bring such a request to the trial court's attention in a timely fashion. In addition, there is nothing in the record to suggest that the Division's order denying the motion for rehearing was signed on any date other than the date reflected on its face. Any attempt to go behind the face of the order on this record would be purely speculative. Under these circumstances, we hold that the district court did not abuse its discretion in denying Star's request for remand to the Division under APA section 2001.175(c).

## *Conclusion*

Having overruled Star's points on appeal, we affirm the judgment of the district court.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed:   April 28, 2010

11