# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REHEARING

## NO. 03-11-00502-CV

**Deecye Clayton Bedell, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. D-1-GV-10-001226, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

We previously issued an opinion and judgment on July 6, 2012. On the Court's own motion, we withdraw the opinion and judgment dated July 6, 2012, and substitute the following opinion and judgment.

Deecye Clayton Bedell brings this interlocutory appeal from the trial court's order granting the State's plea to the jurisdiction as to Bedell's counterclaim for bill of review. He contends that the trial court erred by implicitly denying his challenges to its jurisdiction on the State's claim against him and by granting the State's plea to the jurisdiction regarding his counterclaim. We will affirm the trial court's order granting the State's plea to the jurisdiction and will dismiss for want of jurisdiction Bedell's complaints about the implicit denials of his challenges to the jurisdiction of the court to consider the State's suit against him.

**BACKGROUND**

On information that certain oil and injection wells had not been timely plugged, the Commission held a public hearing in 2002 in which Bedell purportedly participated by telephone. The Commission directed Bedell to pay $28,000 for violations of safety and pollution-control requirements related to wells and also ordered him to plug the wells. When he failed to comply, the State of Texas, "acting by and through the Attorney General of Texas, on behalf of the Railroad Commission of Texas," filed suit in 2010 to recover the penalties assessed by the Commission as well as attorney's fees, court costs, and the State money spent to plug the wells.

Bedell answered that he is not liable in the capacity in which he is sued, that he did not execute the documents by which he was deemed responsible for the wells, and that there is a defect of parties. He alleged that he did not receive notice of the administrative hearing and did not authorize anyone else to be his agent for service. He asserted that the Commission's order for payment and plugging was issued against him when he was not an oil and gas operator and did not own or operate the relevant lease. In response to the State's motion for summary judgment on its claims against Bedell, he asserted that his father (Deecye Bruce Bedell) is the owner of the company and the operator of the lease and that "persons who are not parties to this proceeding [were] filing documents under [appellant's] name, signing his name, and purporting to act as his agent without his knowledge, permission, and consent."[1] Bedell filed a counterclaim for bill of review of the

---

[1] In his affidavit, struck by the trial court as extrinsic evidence supporting an impermissible collateral attack, Bedell denied having notice of or participating by telephone in the Commission's hearing at which it assessed the administrative and civil penalties.

2

Commission's original assessment of the penalties and costs, as well as a separate bill of review action not currently before this Court.

The parties filed motions that requested disposition of some claims. The State filed a motion for partial summary judgment seeking the Commission's award of penalties and costs in a judgment. In response to Bedell's counterclaim, the State filed a plea to the jurisdiction urging that the trial court lacked jurisdiction over the counterclaim because Bedell had not demonstrated that the State had waived sovereign immunity from a bill of review, because the counterclaim was an impermissible collateral attack on a judgment, and because Bedell had failed to join a party necessary to his counterclaim. Bedell filed motions for summary judgment and to dismiss against the State's claims, asserting in both that the Commission never had jurisdiction over him because he was never the operator of the oil and gas lease.

The trial court has granted some relief in this case. While not expressly ruling on Bedell's motions regarding the State's collection claim, the trial court granted the State's Motion for Partial Summary Judgment on its claims. In rendering that partial summary judgment, the court awarded the requested administrative penalties, civil penalties, and reimbursement of plugging costs, but expressly declared that the order was not a final judgment and was not appealable. It concluded that the State was entitled to attorney's fees but reserved awarding a specific amount until after "final trial." The trial court also granted the State's plea to the jurisdiction on Bedell's bill-of-review counterclaim without stating a basis.

Bedell filed a notice of appeal from the Order on Plaintiff's Plea to the Jurisdiction on Defendant's Original Counterclaim for Bill of Review.

3

**DISCUSSION**

Bedell raises two issues on appeal: (1) whether the trial court erred in implicitly denying his challenges to the court's jurisdiction over claims against him, (2) whether the trial court erred in granting the State's plea to the jurisdiction on his counterclaim.

## I. Bedell's challenge to jurisdiction of the claims against him

We lack jurisdiction to consider Bedell's first issue. Parties typically may appeal only from final orders or judgments. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). Interlocutory orders are appealable only if specifically authorized by statute. *Id.* at 272. We strictly construe the statute permitting interlocutory appeals. *See* Tex. Civ. Prac. & Rem. Code § 51.014; *see also Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001). There is no final trial-court order or judgment in the record, and section 51.014 does not permit an interlocutory appeal from the denial of an individual's motions asserting that the trial court lacks jurisdiction over him in an agency's collection claims against him.

Bedell argues that our jurisdiction over the interlocutory appeal from the grant of the State's plea to the jurisdiction against his counterclaim[2] enables us to consider other jurisdictional issues from the trial court as well. Although we may consider jurisdictional challenges for the first time on appeal, the cases he cites do not involve the statutorily limited interlocutory appeal. *See Methodist Hosps. v. Texas Workers' Comp. Comm'n*, 874 S.W.2d 144, 149 (Tex. App.—Austin 1994, no writ); *Pacific Emp'rs Ins. Co. v. Twelve Oaks Med. Ctr.*, No. 03-08-00059, 2010 WL

---

[2] A person may appeal from an interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit." Tex. Civ. Prac. & Rem. Code § 51.014(a)(8).

4

1511753 (Tex. App.—Austin Apr. 16, 2010, no pet.) (mem. op.). As the Fort Worth court has written, "[a]n interlocutory order that is explicitly appealable under section 51.014 may not be used as a vehicle for carrying other nonappealable interlocutory orders to the appellate court." *Astoria Indus., Inc. v. SNF, Inc.*, 223 S.W.3d 616, 627 n.24 (Tex. App.—Fort Worth 2007, pet. denied). We lack the power to consider on interlocutory appeal any denial of Bedell's motion to dismiss the State's enforcement action.

## II. The State's plea to the jurisdiction on the counterclaim

By contrast, we undisputedly have jurisdiction to review the grant of the State's plea to the jurisdiction on Bedell's bill-of-review counterclaim. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8). We stated in our original opinion that we were "limited on interlocutory appeal to considering the issues raised at the trial court,"[3] but the Texas Supreme Court has since determined that appellate courts must consider sovereign-immunity claims made for the first time on appeal. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 n.3 (Tex. 2012). The reasoning of that opinion logically also applies to arguments raised after issuance of our opinion and judgment. *See id.* at 94-95 (courts must consider sovereign-immunity arguments whenever raised because opinions issued without jurisdiction are improper advisory opinions); *see also Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004).

A unit of state government is immune from suit and liability unless the state consents. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Immunity from suit defeats a

---

[3] Citing *Austin Indep. Sch. Dist. v. Lowery*, 212 S.W.3d 827, 834 (Tex. App.—Austin 2006, pet. denied), *overruled by Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 n.3 (Tex. 2012).

court's subject-matter jurisdiction. *Id.* In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *See Texas Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001); *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We construe waivers of sovereign immunity narrowly. *In re Smith*, 333 S.W.3d 582, 587 (Tex. 2011).

We review a court's ruling on a jurisdictional plea de novo. *Miranda*, 133 S.W.3d at 226. We construe the pleadings in favor of finding jurisdiction and, if necessary, review the record for evidence supporting jurisdiction. *Rusk*, 392 S.W.3d at 96. If the pleadings and proof conclusively negate jurisdiction, we must affirm the dismissal. *See id.* If the pleadings and record neither demonstrate jurisdiction nor conclusively negate it, then the State has the burden to show that either (1) Bedell failed to show jurisdiction despite having had a full and fair opportunity in the trial court to develop the record and amend the pleadings; or (2) if such opportunity was not given, he would be unable to show the existence of jurisdiction even if given an opportunity through remand. *See id.* (citing *Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007)). If the State shows that Bedell did not and cannot establish jurisdiction, then we can affirm the dismissal on this basis. *See id.*

Bedell filed a bill-of-review counterclaim in response to this enforcement action. He contends that the State waived sovereign immunity by filing suit against him. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 377 (Tex. 2006). The State argues that Bedell has not shown himself entitled to a bill of review and to any accompanying waiver of sovereign immunity. The State contends that, even if Bedell did not receive contemporaneous notice of the

6

2002 administrative proceeding and order, he failed to avail himself of the judicial review process once he learned of the order in 2011.

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004). A bill of review is proper where a party has exercised due diligence to prosecute all adequate legal remedies against a former judgment, and at the time the bill of review is filed, there remains no such adequate legal remedy still available because, through no fault of the bill's proponent, fraud, accident, or mistake precludes presentation of a meritorious claim or defense. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). The requirement that a bill-of-review plaintiff have good cause for failing to exhaust standard remedies is, in this context, a statutory prerequisite to filing the bill of review. *See In re Estate of Taylor*, 305 S.W.3d 829, 835 (Tex. App.—Texarkana 2010, no pet.) (citing *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926–27 (Tex. 1999)). If legal remedies were available but ignored, then relief by equitable bill of review is not available. *Id.* at 834 (citing *Wembley*, 11 S.W.3d at 927)). The requirement that a party diligently pursue its legal remedies is distinct from the discrete elements necessary to establish entitlement to a bill of review. *Id.* (citing *Perdue v. Patten Corp.*, 142 S.W.3d 596, 606 (Tex. App.—Austin 2004, no pet.)). A prerequisite to suit, whether administrative (such as filing a charge of discrimination) or procedural (such as timely filing a lawsuit), is jurisdictional when the defendant is a governmental entity. *See Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 515 (Tex. 2012); *see also* Tex. Gov't Code § 311.034.

The Texas Natural Resources Code authorizes parties affected by the Commission's order to file a petition for judicial review pursuant to the Administrative Procedures Act. *See*

Tex. Nat Res. Code §§ 81.0533(e) (penalty orders), 89.122 (plugging orders) (West 2011). The APA requires that a party initiate a petition for review within thirty days of the order becoming final. Tex. Gov't Code § 2001.176(a) (West 2008). Bedell contends that he did not seek judicial review in 2002 of the Commission's order because he was unaware that the proceeding existed or that his responsibility had been alleged.[4] Even if we assume for purposes of this review that Bedell's assertion is true, that delay of notice did not entirely excuse him from seeking judicial review. "A notice problem only creates a different starting date for the time to seek judicial review; it does not eliminate the requirement."[5] *See HCA Healthcare Corp. v. Texas Dep't of Ins.*, 303 S.W.3d 345, 352 (Tex. App.—Austin 2009, no pet.) (citing *Commercial Life Ins. Co. v. State Bd. of Ins.*, 774 S.W.2d 650, 651-52 (Tex. 1989)). As in *HCA*, any notice problem here was resolved arguably no later than when Bedell learned of the existence of the administrative order by receiving service of the petition on August 31, 2010, and certainly no later than when he received a copy of the administrative order as an exhibit in the appendix of the State's Motion for Partial Summary Judgment that was filed on April 29, 2011.[6] He did not file a petition for judicial review and did not file his bill-of-review

---

[4] Bedell denies that he participated in the hearing or in the actions and omissions that prompted the hearing. We express no opinion regarding the veracity of Bedell's claims. We trust that the Railroad Commission and the Attorney General have taken or will take reasonable and prudent steps to ensure that they are pursuing the proper party.

[5] This tolling of the time for seeking judicial review distinguishes this case from cases in which the party bringing a bill of review was not notified of the judgment and, therefore, is excused from showing due diligence in pursuing appellate remedies as in *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998).

[6] The State filed a copy of the order as an appendix to its Motion for Partial Summary Judgment. The assistant attorney general who filed the motion signed a certificate of service that a copy had been sent to Bedell's attorney on April 29, 2011. "A certificate by a party or an attorney of record, or the return of an officer, or the affidavit of any person showing service of a notice shall

8

counterclaim until June 13, 2011. The undisputed record shows that Bedell did not file the counterclaim or any petition for judicial review within the thirty days of receiving a copy of the administrative order. Bedell has not shown sufficient good cause for failing to exhaust his judicial-review remedy after receiving notice of the order.

Bedell's bill-of-review counterclaim did not invoke the necessary waiver of sovereign immunity. His failure to demonstrate timely exhaustion of the judicial review remedy takes his claim outside the scope of the waiver of immunity described in *Reata*, a case that did not involve such additional requirements to properly invoke the jurisdiction of the trial court. *See* 197 S.W.3d at 377. We conclude that the trial court did not err by granting the State's plea to the jurisdiction regarding his bill-of-review counterclaim for want of jurisdiction.

**CONCLUSION**

We affirm the Order on Plaintiff's Plea to the Jurisdiction on Defendant's Original Counterclaim for Bill of Review. We lack jurisdiction to otherwise opine on any action by the trial court. The case may resume in the trial court absent further action by the parties or by the Texas Supreme Court.

---

be prima facie evidence of the fact of service. Nothing herein shall preclude any party from offering proof that the notice or instrument was not received, or, if service was by mail, that it was not received within three days from the date of deposit in a post office or official depository . . . ." Tex. R. Civ. P. 21a. In the absence of evidence to the contrary, the presumption of timely receipt has the force of a rule of law. *Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987). There is no indication that Bedell offered proof that he did not timely receive the Motion for Partial Summary Judgment and its appendix.

Bedell may have received sufficient notice even earlier when, as he stated in the affidavit attached to his Defendant's Second Amended Motion for Summary Judgment, his daughter found some mention of the Railroad Commission proceedings in 2008.

9

_____

                   Jeff Rose, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed on Rehearing

Filed:   June 5, 2013